### TROTTER & DOUGLASS *vs.* MILLS.

An issue of *nul tiel record,* being an *issue of fact,* must be tried by *jury :* where, therefore, a defendant pleaded *nul tiel record* and an *insolvent discharge,* the court refused a rule that the defendant elect between his pleas.

February 3. MOTION to *elect* one of two pleas. The action is debt on judgment. The defendant pleads *nul tiel record,* and a discharge under the insolvent act, exempting his body from imprisonment.

*S. Dutcher, jun.,* for the plaintiff, moves that the defendant elect by which of the pleas he will abide, or that the plaintiff have leave to strike out one of them, they being of such a nature as to require different modes of trial.

*H. Bleecker,* for defendant. The defendant must plead his discharge, or lose the benefit of it, 15 *Johns. R.* 152 ; and he cannot be deprived of his right to dispute the record. A defendant will be compelled to elect only where the pleas are inconsistent, 2 *R. S.* 352, § 9. Besides, all issues of fact must be tried by a jury, 2 *R. S.* 409, § 1.

*By the Court,* SAVAGE, Ch. J. A similar motion was made in *Le Conte* v. *Pendleton,* 1 *Johns. C.* 104, which was granted, and that the defendant elect, in four days, which of the pleas he would abide by, *or,* in default, that the plaintiff elect. In *Carnes* v. *Duncan, Cole. C.* 35, the defendant pleaded *payment* and *nul tiel record.* The court ordered the defendant to elect, on the ground that *nul tiel record* was not within the reason of the statute for double pleading, because the de-

fendant might know, with absolute certainty, whether there was such a record or not. *Dunlap* says: "The defendant will not be allowed to plead matters which require different trials, as *nul tiel record* and *payment;* one of which must be tried by the record, and the other by the country." In *Weatherwax* v. *Averill*, 6 *Cowen*, 589, to a declaration on a justice's judgment, the defendant pleaded *payment* and *nul tiel record;* and the court refused to compel the defendant to elect, because in that case both must be tried by a jury, a justice's judgment not being a record, but a specialty, 16 *Johns. R.* 233; but recognizing the practice in a proper case.

It was suggested in argument, that the discharge could not be attacked, unless the defendant was convicted of perjury, and *Cable* v. *Cooper*, 15 *Johns. R.* 152, was referred to. Van Ness, justice, there says, that if the defendant had been convicted of perjury in obtaining his discharge, he might be again imprisoned. He was speaking of a discharge, where the party had once been actually imprisoned, which is not now necessary to obtain a discharge under the act of 1819, which retains the same provision as that under which that decision was made; but it also adopts certain sections of the act for giving relief in cases of insolvency, the 29th section of which permits a plaintiff to reply fraud to such a plea, and to specify the acts of fraud in a notice. 1 *R. L.* 471. But I am inclined to think that the *Revised Statutes, vol.* 2, *p.* 409, § 4, have abolished all distinctions as to the trial of facts; all *issues of fact* are to be tried by a jury, except where a reference is ordered. By the *Revised Laws, vol.* 1, *p.* 325, all issues *triable by a jury* were to be tried at a circuit or sittings, or at bar. I am inclined to think, therefore, the motion must be denied, but without costs.