Matter of the Judicial Settlement of the Account of Proceedings of WILLIAM NEWTON WETTERAN and SAMUEL ANDREW BOSSERT, as Executors of ALPHEUS E. STODDARD, Deceased.

(Surrogate's Court, Bronx County, October, 1918.)

Trial — when right to trial by jury in Surrogate's Court denied — waiver — Code Civ. Pro. § 2538.

In an accounting proceeding where it appeared that after the matter of certain claims against the estate, which the executor had rejected, had been noticed for trial before the surrogate on a day certain and had been adjourned from time to time, the claimant's right to a trial by jury of the questions presented will be deemed waived, and a demand by his administrator for such a trial will be denied as not having been seasonably made, as provided by section 2538 of the Code of Civil Procedure.

PROCEEDING upon the judicial settlement of the account of executors.

Bailey & Sullivan, for petitioner.

Robert H. Elder, for respondent.

SCHULZ, S. Samuel A. Bossart, one of the two accounting executors of the last will and testament of the decedent presented two claims against the

Surrogate's Court, Bronx County, October, 1918.   [Vol. 104.

latter's estate, both of which were rejected by his
co-executor.   Pending the settlement of the account
and the determination of the claims, the claimant died
and his administrator now moves for a jury trial of
the questions presented by the said claims and the
rejection thereof.

The motion was made in January, 1918.   At that
time the administrator in question had not as yet been
made a party to the accounting.   Subsequently in
September, 1918, an order was entered bringing the
administrator into the proceeding and thereafter the
attorneys stipulated that the motion be considered as
though the administrator had been made a party
prior to the making thereof, and that it be decided
upon the merits.

Section 2537 of the Code of Civil Procedure so far
as material provides as follows: " Whenever in any
proceeding in the surrogate's court, the order or
decree of the court will determine any issue or fact
as to which any party has a right of trial by jury in
any court, such trial shall be deemed to be waived,
unless such party, personally, or through his attorney
* * * appears and seasonably demands the same,
in which case such trial shall be had according to the
practice of such court."

And in section 2538 of the Code it is provided that:
" In any proceeding in which any controverted ques-
tion of fact arises, of which any party has constitu-
tional right of trial by jury * * *, the surrogate
must make an order directing the trial by jury of
such controverted question of fact, if any party appear-
ing in such proceeding seasonably demands the same."

The question involved here is, whether or not a jury
trial was seasonably demanded.

The account herein was filed on April 17, 1917, and
a citation issued returnable on May 2, 1917.   By a

written notice of trial dated May 3, 1917, the claimant, through his attorney, gave notice that the matter would be brought to trial and an inquest taken therein before the surrogate of the county of Bronx on the 16th day of May, 1917. By a written stipulation dated May 8, 1917, the trial was adjourned to May 23, 1917, and by another written stipulation dated May 21, the trial was further adjourned to June 13, 1917. Thereafter, three further adjournments were taken to October 8, 1917. The claimant died on September 23, 1917, and since that time the matter had been further adjourned on six occasions before this motion was made. Letters of administration upon the estate of the claimant were granted to the moving party on December 11, 1917, and the matter was adjourned once after said date.

It is clear from the facts above detailed, that the claimant did not seasonably demand a jury trial and hence must be deemed to have waived it (*Matter of Holme,* 167 App. Div. 237) and that this motion, if it had been made by him, could not prevail. The administrator of his estate stands in no better position. If the claimant had assigned his claim to an assignee, the latter would have had no greater right than the assignor. The fact that the decedent's interest has passed to his personal representative by reason of the former's death instead of to an assignee by assignment does not alter the situation.

The motion will therefore be denied and the claim set down on the calendar of this court for trial on November 18, 1918.

Decreed accordingly.