Surrogate's Court, New York County, December, 1918. [Vol. 105.

Matter of the Application for a Compulsory Account-
ing of MADELEINE D. WOODWARD, as Executrix of
the Last Will and Testament of JULIUS H. WOOD-
WARD, Deceased.

(Surrogate's Court, New York County, December, 1918.)

Trial — in Surrogate's Court — who not entitled to trial by jury —
accounting — when motion for jury trial denied — Code Civ. Pro.
§ 2538.

The petitioning creditor, in a proceeding to compel an exec-
utrix to account, is not entitled as matter of right to have the
issues tried by a jury.

A demand for a jury trial under section 2538 of the Code of
Civil Procedure must be seasonably made.

Where in a proceeding brought by an alleged creditor of a
testator the answer denies that the petitioner is such a creditor
and sets up a counterclaim, a motion by the petitioner for a
jury trial under section 2538 of the Code of Civil Procedure
made when, after several adjournments, the case was ready for
trial, comes too late and will be denied.

PROCEEDING for a compulsory accounting of an execu-
trix. Motion for a jury trial.

Williams & Holland, for petitioner.

Goodale & Hanson, for respondent.

FOWLER, S. This is a compulsory accounting pro-
ceeding commenced by the Durham Realty Corpora-
tion, claiming to be a creditor of the above named tes-
tator, against Madeleine D. Woodward, executrix of
the above named testator. On October fifteenth, the
return day of the citation, the executrix filed an answer,
among other things denying that the petitioner was a

creditor of the testator and setting up a counterclaim. On October fifteenth, the matter was marked "submitted" and the parties were given until the eighteenth of October to submit briefs. In the brief of the respondent, filed on the eighteenth day of October, it was for the first time stated that the respondent would insist upon a jury trial. The matter was set down for trial on the Issue of Fact Calendar. Several adjournments were had, and finally, on December eleventh, when the case was ready for trial, the respondent demanded a jury trial.

The right of the respondent to a trial by jury under the circumstances denoted is a very important question for this court. Section 2538 of the Code of Civil Procedure provides as follows: "In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, and in any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order, directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same, and in any proceeding in which any controverted question of fact arises, of which any party has, or has not, constitutional right of trial by jury, the surrogate may, in his discretion, make such order without such demand."

In *Matter of Scovill,* 218 N. Y. 707, on appeal from an order of the Appellate Division which affirmed an order of the Livingston county Surrogate's Court directing trial by jury of controverted questions of fact arising upon the hearing of a contested claim against the estate, the order of the Appellate Division was affirmed by the Court of Appeals. The question certified to the Court of Appeals was as follows: "In view of the stipulation heretofore filed in this proceed-

Surrogate's Court, New York County, December, 1918.    [Vol. 105.

ing, that claimant's claim be ' heard and determined by and before the surrogate of Livingston county, upon the judicial settlement of said estate, in pursuance of the statute in such case made and provided,' had the surrogate, against the objections of the executors, the power, under and pursuant to the provisions of section 2771 of the Code of Civil Procedure, as amended by chapter 274 of the Laws of 1915, and section 2538 of the Code of Civil Procedure, as amended by chapter 275 of the Laws of 1915, to make the order appealed from, which directs a jury trial of the issues in said matter?'' Whether under this decision of the Court of Appeals the issues in regard to this claim must be tried by a jury, if seasonably demanded, is the first question. It does not seem to me conclusive upon the point now presented in this matter.

This, as stated above, is an accounting proceeding under the statute affording a substitute for the old administration suit by bill in equity, formerly necessary in order to obtain settlements of estates and a final settlement and distribution. *Matter of Kent,* 92 Misc. Rep. 113. Under the old practice there was no right to trial by jury in administration suits. All such claims were referred to a master, although as a rule where a debt of a creditor was disputed, it must be first established at law. *Matter of Kent, supra.* The present Code of Civil Procedure (§ 2681) still permits any creditor whose claim is disputed to have his claim established at law by trial by jury. Section 2681 is as follows: '' If the executor or administrator doubts the justice or validity of any claim presented to him, he shall serve a notice in writing upon the claimant that he rejects said claim, or some part of it, which he specifies. Unless the claimant shall commence an action for the recovery thereof against the executor

Misc.]   Surrogate's Court, New York County, December, 1918.

or administrator within three months after the rejection, or, if no part of the debt is then due, within two months after a part thereof becomes due, said claimant, and all the persons claiming under him, are forever barred from *maintaining such action,* and in such case said claim shall *be tried and determined upon the judicial settlement.''*   Can it not be held that it was the intention of the framers of the new Surrogates' Code of 1914 by section 2681 to defer somewhat to ancient experience and established practice?   The abstract right of trial by jury in this court is far from clear. *Matter of Callahan,* 95 Misc. Rep. 438.

If a creditor neglects to reduce his claim to judgment under section 2681, cited *in extenso, supra,* and chooses to submit his claim to the surrogate in an accounting proceeding, he, in my judgment, should *ipso facto* be held to have resorted to equity and to have waived his right to a trial by jury in a common-law action.   He deliberately chooses to come into equity or into an accounting proceeding in this court, which is the substitute for an administration suit in chancery.

The argument *ab inconvenienti* is always forcible in the construction of statutes.   Is it possible that hereafter, in an ordinary accounting proceeding in this court, hundreds of claimants shall be at liberty to arrest the proceeding and to have a submission of their several claims to separate juries impaneled in this court?   In an administrative court of this magnitude, with a hundred clerks, such a practice if inaugurated would end only in confusion, delay and injustice to estates.   It strikes me as an irrational and unnecessary construction of the statute now affecting Surrogates' Courts.   How simple it seems to some minds to draft reformatory statutes!   But it is only when the vast consequences of reforms are not foreseen that

29

statute making is really simple. The courts can do something, but not all, to remedy latent defects in such statutes. This seems such an occasion, if the statute is open to double construction, as I think it is.

In view of what has been said, I am constrained to hold that in this proceeding there is no abstract right of trial by jury, either by the common law or by intelligent precedent or by the constitution.

But I will not rest on my own imperfect conclusions. There is a wholly adequate reason why this demand for a jury trial should be denied. It comes too late. Every demand for trial by jury in this court must be prompt beyond all precedent in other courts. This is not a jury court. It is, in any event, a court in which a trial by jury may be had under exceptional circumstances, and only in the exceptional and specific instances pointed out by statute, and in no other. The demand for jury trial as of right can be granted only if seasonably made. Seasonably here means when the claim is first filed in court, and in the notice of claim itself if possible, although this may not be indispensable. The demand here was not made until some time after the proceeding was pending and the claim filed. The course of practice, in so far as it is entitled to be regarded as a precedent, is uniform on this point. *Matter of Wetteram,* 104 Misc. Rep. 691.

The motion for trial by jury is therefore denied.

Motion denied.