In the Matter of the Accounting in the Estate of ANN J. STARK, Deceased.

Surrogate's Court, New York County, March, 1922.

**Surrogates' Courts — objections to administrator's accounts — jury trial denied.**

There is no constitutional right to a jury trial of objections filed to the accounts of an administrator, and a demand for such a trial must be refused.

APPLICATION for jury trial of objections to accounts.

*George A. Logan* and *Joseph A. Walsh*, for objectors.

*William H. McDugal*, for administrator.

COHALAN, S. With objections filed to this administrator's account is a demand for jury trial. The application must be denied. Sections 67 and 68 of the Surrogate's Court Act give to parties in proceedings in Surrogates' Courts the right to a jury trial of issues of fact in probate proceedings, and in any other proceedings where there is an issue of fact " of which any party has constitutional right of trial by jury."

"Constitutional right" refers to the following provision in article I, section 2, of the existing Constitution, which was ratified in 1894 and went into effect in 1895. "The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." "Heretofore used" means prior to the adoption of the Constitution of 1894. *Wynehamer* v. *People*, 13 N. Y. 378; *Matter of Reinhardt*, 92 Misc. Rep. 96, 98. Jury trials in Surrogates' Courts were first authorized by chapter 443, Laws of 1914. Since their creation by the act of March 16, 1778, these courts have been deciding questions arising in executors' and administrators' accountings. In fact, this jurisdiction over accounts of representatives of estates goes back to the colonial governors, who, *ex officio*, were judges of the Prerogative Court, or Court of Probates. As early as 1686 Governor Dongan was exercising such powers. Prior to the adoption of the present Constitution there was no trial by jury of such cases. Even in the common-law courts there never was and is now no constitutional right of trial by jury of issues of fact arising in the examination of a long account. *Malone* v. *Saints Peter & Paul's Church*, 172 N. Y. 269; Civil Practice Act, § 466, formerly Code Civ. Pro. § 1013. This section has its origin in an act passed in 1768. Such a provision has been in the Code of Civil Procedure since its adoption, and before that was in the Revised Statutes.

The demand for jury trial must be refused. The jury fee collected by the clerk should be returned. I will place the matter on my calendar for hearing on April 3, 1922, at ten-thirty A. M. Serve notice of hearing and file same with proof of service thereof with the clerk of the court on or before March 31, 1922.

Ordered accordingly.