In the Matter of the Judicial Settlement of the Account of SIMON N. STEIN, as Executor, etc., of LOUIS N. STEIN, Deceased, Appellant. JULIUS S. BERKMAN, Respondent.

Fourth Department, March 22, 1922.

Executors and administrators — claim against estate of decedent for services rejected by executor — trial to be had on accounting — claimant has right to trial by jury in Surrogate's Court of controverted questions of fact under Code of Civil Procedure, §§ 2536 and 2538.

Under sections 2536 and 2538 of the Code of Civil Procedure, one having a claim against the estate of a decedent for services rendered under a contract, has a right to a jury trial in the Surrogate's Court of the controverted questions of fact, if he seasonably demands the same, where the executor rejects the claim and offers to try the issues raised by the claim and its rejection upon the judicial settlement of the estate.

APPEAL by Simon N. Stein, as executor, etc., from an order of the Surrogate's Court of Monroe county, entered in the office of said Surrogate's Court on the 29th day of July, 1921, directing a trial by jury of the controverted questions of fact arising in this proceeding upon the claim of Julius S. Berkman.

*Wile, Oviatt & Gilman* [*Percival D. Oviatt* of counsel], for the appellant.

*Sutherland & Dwyer* [*Carroll M. Roberts* of counsel], for the respondent.

CLARK, J.:

In December, 1918, claimant, Julius S. Berkman, presented a verified claim against the estate of Louis N. Stein, deceased, for $81,461.01 and, as claimed by respondent, it was for professional services rendered deceased under a contract. In April, 1919, the executor rejected the claim by written notice served on the claimant and he, at the same time, offered to try the issues raised by the verified claim and its rejection in writing, the trial to be had on the judicial settlement of the estate.

More than a year elapsed and nothing was done by the executor toward settling the estate or adjusting this claim and on the 26th day of May, 1920, claimant began a proceeding in the Surrogate's Court of Monroe county for an accounting. There was much delay on the part of the executor in filing his account and many adjournments were had and finally a formal written demand for a jury trial of the issues was filed by claimant in the surrogate's office and served on the attorneys for the executor. The executor objected to the granting of a jury trial but the surrogate determined that claimant was entitled to have the issues tried by jury as a matter

of right and made an order accordingly from which the executor appeals.

Section 2538 of the Code of Civil Procedure provides, among other things, as follows: " In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, and in any proceeding for the probate of a will in which any controverted question of fact arises, the Surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same,   *   *   *."

The question to be determined here is whether or not the claimant had a constitutional right to a jury trial of the controverted questions of fact raised by the presentation of his verified claim and its rejection by the executor. If claimant had brought an action in the Supreme Court to recover on his claim, there can be no doubt that he would have had the constitutional right of trial by jury.

As early as 1830 it was provided by statute that " all issues of fact joined in any court, proceeding according to the course of the common law, shall be tried by a jury, except in those cases where a reference shall be ordered." (R. S. pt. 3, chap. 7, tit. 4, art. 1, § 4: 2 R. S. 409, § 4; 2 R. S. [2d ed.] 331, § 4.) That provision of the statute remained unchanged down to the adoption of the Constitution of 1846. (2 R. S. [3d ed.] 507, § 4; *Trotter* v. *Mills*, 6 Wend. 512.) By the Constitution of 1846 it was provided that " trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever." (Const. 1846, art. 1, § 2.)

It is thus seen that long prior to the adoption of the Constitution of 1846, all issues of fact joined in any court, proceeding according to the course of the common law, were triable by jury.

Section 968 of the Code of Civil Procedure, as amended by chapter 416 of the Laws of 1877, provides that " In each of the following actions, an issue of fact must be tried by a jury unless a jury trial is waived, or a reference is directed: 1. An action in which the complaint demands judgment for a sum of money only. 2. An action of ejectment; for dower; for waste; for a nuisance; or to recover a chattel." That section of the Code of Civil Procedure was in effect at the time of the adoption of the Constitution of 1894 which went into effect January 1, 1895, and by section 2 of article 1 of the Constitution, " trial by jury in all cases in which it has been heretofore used shall remain inviolate forever   *   *   *."

It is clear, therefore, that not only at the time of the adoption of the present Constitution but as far back as 1830 where a party brought an action for a sum of money, he was entitled to a jury trial

of all controverted questions of fact as a matter of right and that right was preserved to him in the Constitution.

The Legislature, by section 2538 of the Code of Civil Procedure, clearly intended to give a claimant who had a claim against an estate which was disputed, a different procedure so that if he chose to prosecute his claim in Surrogate's Court on the judicial settlement of the estate instead of bringing suit in Supreme Court, his right to have the controverted questions of fact tried by a jury would be preserved to him.

When respondent presented his verified claim to the executor of this estate and the executor rejected it in writing, it raised an issue of fact as to the merits of the claim, but there was no controverted question of fact concerning claimant's right to compel an accounting. The controverted question of fact as to the merits of the claim under the alleged contract was raised in the proceeding for an accounting, but the controversy was over the disputed claim and not over the proceeding.

I think *Matter of Beer* (188 App. Div. 894) is ample authority to sustain the order of the surrogate. That case is very similar to the case at bar. The intestate in the *Beer* case died in November, 1916. Letters of administration were issued two days after intestate's death, and on January 12, 1917, proof of claim was presented to the administratrix by a claimant, which claim was rejected by the administratrix April 9, 1917. Nothing was done about a settlement of the estate until July 3, 1918, when the claimant moved for a compulsory accounting. Up to this point the proceedings in the *Beer* case were precisely like the proceedings in the case at bar. After the claimant had started a proceeding for a compulsory accounting, the administratrix started a proceeding for a voluntary accounting and the proceedings were consolidated. Objections were filed to the account, thus raising an issue of fact, and the administratrix demanded a jury trial. The surrogate denied the application and the Appellate Division of the Second Department reversed the surrogate, holding that the administratrix's demand for a jury trial was sufficient, and that such trial should have been granted as an absolute right. That case is similar to the present case, except that the demand for a jury trial was made by the administratrix, whereas in this case the demand was made by the claimant, but in each case a demand for a jury trial was seasonably made to the end that controverted questions of fact might be tried by a jury in the Surrogate's Court on the judicial settlement.

In determining whether or not the Legislature intended to grant the right of trial by jury in the Surrogate's Court as to all

controverted questions of fact, sections 2536 and 2538 of the Code of Civil Procedure should be read together. Section 2536 of the Code provides, among other things, as follows: " In a special proceeding other than one instituted for probate of a will, *and subject to the right of trial by jury of any question of fact,* the Surrogate may, in his discretion, appoint a referee    *  ·  *    *."

That clearly indicates an intention on the part of the Legislature to grant the right of trial by jury in a Surrogate's Court of all controverted questions of fact other than those raised in a proceeding for the probate of a will.

Section 2538 of the Code of Civil Procedure, under which the order for a jury trial was granted in the instant case, does not violate the terms of the Constitution. This claim was for a sum of money only and based on a contract. At the time the present Constitution became effective, and for many years prior thereto, where a claimant brought a common-law action in the Supreme Court demanding judgment for a sum of money only, he had the constitutional right of trial by jury. By the enactment of section 2538 of the Code of Civil Procedure, the Legislature evinced a purpose to afford to a claimant the additional procedure of prosecuting claims against an estate in the Surrogate's Court on a judicial settlement, but preserving to him the right to a jury trial in all cases where such right was a constitutional one.

. This claim was for professional services alleged to have been rendered by claimant as a physician and based upon a contract, and so long as he made claim for a sum of money only, the granting to him of the right to have the controverted issues of fact tried by a jury on the judicial settlement was simply affording a procedure in the Surrogate's Court similar to the procedure a claimant had always been entitled to adopt in a common-law action in the Supreme Court.

The demand for a jury trial in this case was seasonably made and was never waived. The claimant had a right to bring his action in the Supreme Court within the time provided by statute, or have a trial in the Surrogate's Court on the judicial settlement of the estate, but with equal rights to a jury trial in both cases. The order of the surrogate should be affirmed, with costs.

All concur.

Order affirmed, with ten dollars costs and disbursements.