In the Matter of the Estate of HARRY S. HARKNESS, Deceased.

Surrogate's Court, New York County, October, 1922.

**Executors and administrators — claim against estate — failure to file with executors — when jury trial in Surrogate's Court denied.**

An alleged creditor of the decedent who never filed his claim with the executors should proceed with an action brought by him in the Supreme Court if he desires

Surrogate's Court, New York County, October, 1922.          [Vol. 119

a jury trial, and his demand for a jury trial in the Surrogate's Court upon the settlement of the accounts of an executor asking leave to resign will be denied.

ACCOUNTING by executor.

*Nicoll, Anable, Fuller & Sullivan,* for petitioners.

*John B. Doyle,* for claimant creditor.

FOLEY, S.    This is an accounting by John W. MacMiller, one of the executors of decedent, who applies for leave to resign.    Joseph B. Loughrey, an alleged creditor, instituted an action in the Supreme Court on April 13, 1921, against the executors in this estate.    He has appeared in this proceeding and has demanded " the trial before a jury in this court of the issues raised by the pleadings in the action in the Supreme Court  *  *  *."    In *Matter of Woodward,* 105 Misc. Rep. 446; affd., 188 App. Div. 888, Surrogate Fowler denied an application for a trial by jury in such a proceeding.    With characteristic erudition and thoroughness he sets forth the origin and history of accounting proceedings, their equitable nature, and he emphasizes the fact that there never has been the right of trial by jury in such matters.    See, also, *Matter of Stark,* 118 Misc. Rep. 240; *Matter of Kent,* 92 id. 113; affd., with certain modifications, 173 App. Div. 563.    Recently, in *Matter of Stein,* 200 App. Div. 726, the Appellate Division of the fourth department upheld the right to a jury trial of a rejected claim. I prefer to follow the rulings of the Appellate Division of this department.    Extraordinary circumstances may justify the grant of such a trial as a matter of discretion.    Surrogate's Court Act, § 68; *Matter of Scovill,* 218 N. Y. 707.    The present application must be denied.    Section 211 of the Surrogate's Court Act provides for the trial upon the accounting when a claim has been filed and rejected.    Loughrey never filed a claim with the executors, but elected to bring an action in the Supreme Court.    He should proceed with his pending action in that court, if he desires a jury trial.    No final distribution can now be ordered and the assets of the estate are ample to satisfy any possible recovery.    There is no authority for the trial of the issues in the Surrogate's Court upon the pleadings in another form.    He may file a formal proof of claim setting forth the nature of his demand on or before October 16, 1922, if he elects to have a determination without a jury upon this accounting.

Settle decree on notice accordingly after complying with memorandum for counsel handed down herewith.

Decreed accordingly.