In the Matter of the Judicial Settlement of the Account of HENRY CROOK, as Administrator, etc., of ALFRED CROOK, Deceased.

Surrogate's Court, Bronx County, November, 1922 (Received December, 1922).

Executors and administrators — accounting — rejected claim — Surrogate's Court in its discretion may grant jury trial — Surrogate's Court Act, § 68.

Application for a jury trial of a controverted question of fact arising upon a rejected claim against the estate was made in a proceeding to judicially settle the accounts of the administrator of the estate.   Petitioner claimed the right to a jury trial by virtue of section 68 of the Surrogate's Court Act.   There was no other claim against the estate to be litigated.   *Held*, that as no unreasonable delay would result the court in the exercise of its discretion was warranted in granting a jury trial without determining whether or not petitioner was entitled to the same as a matter of right.

PROCEEDING on judicial settlement of account.

*John T. Cahill*, for administrator.

*Charles Stein*, for claimant.

SCHULZ, S.   Upon the judicial settlement of an account, application is made for a trial by jury of the controverted questions of fact arising upon a claim presented against the estate which was heretofore rejected.   The petitioner urges that such right exists by virtue of section 68 of the Surrogate's Court Act.   In opposition,

it is alleged that he is not entitled to such trial as a matter of right and that it should not be granted as a matter of discretion.

So far as I have been able to ascertain, the Court of Appeals has never directly passed upon the question. I do not read *Matter of Scovill*, 218 N. Y. 707, as conclusive, for an examination of the record on appeal discloses that the surrogate in that proceeding granted the order as a matter of discretion. In *Matter of Stein*, 200 App. Div. 726, the fourth department decided that a claimant had the right to a jury trial where his claim had been rejected. This decision has recently been adverted to by Surrogate Foley of New York county in *Matter of Harkness*, 119 Misc. Rep. 361, in which he reached a contrary conclusion. In *Matter of Woodward*, 188 App. Div. 888, the Appellate Division of the first department affirmed a determination of one of the surrogates of New York county denying a jury trial under similar circumstances (*Matter of Woodward*, 105 Misc. Rep. 446), and while the reason for such denial appears to have been that the request therefor had not been seasonably made, the right thereto in an accounting proceeding was fully discussed by the learned surrogate and his opinion appears to have been adverse. Other proceedings in which similar questions were involved, are as follows: *Matter of Beer*, 188 App. Div. 894; *Matter of Wetteran*, 104 Misc. Rep. 691; *Matter of Bracker*, N. Y. L. J. Nov. 15, 1918.

It is evident, therefore, that there are strong differences of opinion on the subject and that no determination of the court of last resort has as yet been had. It is not to be denied that if claimants against estates, who have allowed their claims to remain undetermined, are entitled to jury trials of the controverted questions of fact involved therein, as matters of right, upon the final accountings in such estates, when under section 211 of the Surrogate's Court Act such claims are to be determined, great delay might result in Surrogates' Courts in the more populous counties where the volume of business transacted is large and the number of rejected claims in an estate at times quite numerous.

In view of this fact and the uncertainty of the law arising from the divergence of opinion above referred to, a court of first instance may well hesitate in making a determination, unless it is imperative, until the matter has been definitely determined.

In the matter pending before me it is not necessary to make such a determination. The claimant has already appeared before this court as respondent in a discovery proceeding in which I reached a conclusion contrary to her contention relative to certain bank deposits, and directed the delivery of certain bank books which evidenced them. Her claim against the estate is for a sum

approximating the amount of the bank deposits. It may well be that she fears that perhaps some prejudice may have arisen in my mind against her claim, which was not urged until after the order was made directing the delivery of the bank books. There is only this one claim to be litigated, so that no unreasonable delay will result. In my opinion the matter is one in which the court in the exercise of a sound discretion is warranted in making an order that the controverted questions of fact involved be tried by a jury.

I shall, therefore, in the exercise of my discretion, grant an order submitting such questions to a jury, and shall leave undetermined, so far as this proceeding is concerned, the question whether or not the petitioner is entitled to such jury trial as a matter of right. Settle order framing questions to be submitted to the jury, on notice.

Decreed accordingly.