## In the Matter of the Estate of ELLEN E. BEARE, Deceased.

Surrogate's Court, New York County, February, 1924.

Executors and administrators — accounting — trial by jury discretionary — jury trial denied — Surrogate's Court Act, § 212, applied.

There is no constitutional right of trial by jury in accounting proceedings in the Surrogate's Court.

In a proceeding by a legatee to compel an attorney at law to file his accounts as executor of the estate of his mother-in-law, he filed an account in which he set forth personal claims as follows: (1) $8,000 for board of decedent from September, 1889, to July 1, 1905; (2) $10,000 for money paid for and on account of decedent at her request from July 1, 1905, to October 27, 1915. The total estate accounted for was $10,340. Upon his application for a jury trial of his claim, on his demand therefor under date of February 11, 1924, *held*, that he was not entitled to a jury trial as matter of right.

While under section 68 of the Surrogate's Court Act he might be granted such a trial as matter of discretion, yet his course of conduct here, his failure to account for seven years, his failure to assert his claims against the estate in the transfer tax proceeding, his defense of the Statute of Limitations and other circumstances, justify the refusal of the surrogate to exercise his discretion in granting the application.

Section 212 of the Surrogate's Court Act, which provides that an executor or administrator shall not satisfy his own debt or claim out of the property of the deceased until proved to and allowed by the surrogate, justified a denial of the application.

PROCEEDINGS to settle accounts of executor.

*Carter, Ledyard & Milburn (Frederick H. Van Houten, of counsel),* for petitioner.

*Howard A. Sperry,* for respondent in person.

FOLEY, S. In this compulsory accounting proceeding, the executor has filed his account in which he sets forth personal claims against the estate (1) $8,000 for board of decedent — his mother-in-law — from September, 1889, to July 1, 1905; (2) $10,000 for money paid for and on account of decedent at her request from July 1, 1905, to October 27, 1915. The total estate accounted for is $10,340. Objections were filed to the account by the Greenwood Cemetery to which was bequeathed the sum of $1,000 for the care and upkeep of the grave of the decedent. The executor originally claimed that the Statute of Limitations had run against the right of the legatee to compel an accounting. This contention was overruled by me in my decision in *Matter of Beare*, reported in the New York Law Journal January 16, 1924. The executor, Howard S. Sperry, who is an attorney at law, now seeks a jury trial of his claim upon a demand dated the 11th day of February, 1924. The application for a jury trial is denied (1) because there is no constitutional right of trial by jury in accounting proceedings in this court; (2) in the discretion of the surrogate, because of the circumstances here; (3) because the provisions of the Surrogate's Court Act require proof of a personal claim of an executor to be made before the surrogate only by section 212 of the Surrogate's Court Act. That section provides: " An executor or administrator shall not satisfy his own debt or claim out of the property of the deceased until proved to and allowed by the surrogate."

(1) Upon the first ground, it has been the established law of this state for over 100 years that jury trials cannot be obtained *as of right* in accounting proceedings. Such proceedings are essentially equitable in their nature and equitable jurisdiction in them has been conferred by section 40 of the Surrogate's Court Act. Surrogate Fowler, in his comprehensive opinion in *Matter of Woodward*, 105 Misc. Rep. 446; affd., 188 App. Div. 888, pointed out the origin and history of accounting proceedings and the jurisdiction of the surrogate in such proceedings. He moreover emphasized the exact similarity of proceedings in this court with accountings or administrators' suits in equity, where a jury trial of a disputed claim has never been allowed as of right. Surrogate Cohalan, in his decision in *Matter of Stark*, 118 Misc. Rep. 240, likewise traced the history of accounting proceedings in this court, and restated the continuous rule since 1778 against the right of trial by jury. See, also, Story's Eq. Juris. (14th ed.) § 745; *Matter of Harkness*, 119 Misc. Rep. 361. The general purpose of the revision of 1914 of the law relating to the Surrogate's Court was a progressive one intended to centralize jurisdiction with

MATTER OF ELLEN E. BEARE. **521**

Misc. 519]     Surrogate's Court, New York County, February, 1924.

respect to decedents' estates in that court, to simplify the procedure and to expedite the settlement of estates. The grant of a right of jury trial was not intended to complicate the settlement of estates. It was not intended to grant a jury trial where it had not previously existed as of right. It certainly was not intended to alter the general rule that an accounting proceeding was equitable in its nature. Otherwise the legislature would not have expressly authorized the appointment of a referee to determine the issues in these proceedings. Surrogate's Court Act, § 66. Even previous to the adoption of our first State Constitution in 1777 there was no right of trial by jury in accounting proceedings of executors. This has been the universal rule followed in the decisions of the first department of the Appellate Division and in the Court of Appeals. The opinion in *Matter of Stein*, 200 App. Div. 726, holding that there is a constitutional right of trial by jury in accounting proceedings seems to be exactly contrary to these authorities. The attention of the court was probably not called to the comprehensive opinion of the Court of Appeals in *Malone* v. *Saints Peter & Paul's Church*, 172 N. Y. 269, reviewing the history of accounting proceedings in courts of equity and in the Surrogates' Courts and denying the right of jury trial therein. The development of equitable jurisdiction over the accountings of an executor grew out of the dissatisfaction and delay resulting from the common-law action of account. The procedure in such actions was to appoint an auditor or arbitrator to examine the account; when a dispute arose between a creditor and the estate as to the validity of a debt, which involved an issue of fact, the auditor certified the question back to the court for trial by jury. Independent trials were required to be had upon each claim. The entire action was thus broken up into a series of separate trials. After the verdict in each trial the result was certified back to the auditor. Judge Haight, in his opinion in *Malone* v. *Saints Peter & Paul's Church, supra,* 276, in tracing the history of the change says: " Subsequently this form of action fell into almost total disuse in England, chiefly for the reason that the Court of Chancery assumed jurisdiction in matters of account, and it was found that that court furnished to parties a more effectual and speedy remedy, * * *." See, also, for the development of this equitable jurisdiction, 2 Story's Eq. Juris. (14th ed.) §§ 582–590. The effect of the rule in *Matter of Stein, supra,* if followed, would be to retrogress to the dilatory condition of litigation which existed in the middle of the eighteenth century, and happily abandoned long since.

Litigants who desire a jury trial are amply protected by the provisions of the Surrogate's Court Act, since they are permitted

to sue at law, where a jury trial may be obtained. When they elect to have the claim against the estate determined by the surrogate, they submit themselves to the equitable jurisdiction of this court upon accountings in a non-jury trial.

(2) Under the provisions of section 68 of the Surrogate's Court Act, the surrogate as a matter of discretion may grant a jury trial where there is no constitutional right of trial by jury. *Matter of Scovill*, 218 N. Y. 707. The course of conduct of the executor here, his failure to account for seven years, his failure to assert his claim against the estate in the transfer tax proceeding, his defense of the Statute of Limitations and other circumstances not necessary to repeat here, all justify the refusal of the surrogate to exercise his discretion in granting the application made. His demand is plainly for a dilatory purpose.

(3) Finally, the provisions of section 212 of the Surrogate's Court Act require proof of an executor's claim before the surrogate alone. This is a wholesome and necessary provision, because of the adverse status of the executor as claimant and as trustee of the fund. Experience has demonstrated that many fraudulent and unfounded claims are made against the estates of deceased persons, but many more are discouraged and defeated by the necessity of personal appearance before the surrogate and judicial scrutiny of the proofs offered. The temptation of a representative to secure the funds of the estate through assertion of a claim, in defiance of the testator's wishes, and in violation of the rights of other legatees or distributees, justifies the personal determination of the surrogate as required by the statute.

Formerly the executor's only remedy was by a bill in equity as he could not sue himself at law. For that reason in this court the proof of claim was required to be made before the surrogate. *Kyle* v. *Kyle*, 67 N. Y. 400, 408. Even before 1914, when jurisdiction was conferred upon the surrogate to try issues with a jury, the law of this state was that claims of representatives against the estate must be tried and determined by the surrogate. Code Civ. Pro., old § 2731, afterwards Code Civ. Pro. § 2679; now Surrogate's Court Act, § 209; 2 R. S. 88, § 33; Laws of 1837, chap. 460, § 37; Laws of 1788, chap. 46, § 2; *Kyle* v. *Kyle, supra; Shakespeare* v. *Markham*, 72 N. Y. 400; *Matter of Marcellus*, 165 id. 70.

Application denied on all the foregoing grounds.

**Decreed accordingly.**