Bergan, J.
Decedent died May 21, 1952 leaving a widow and two young children. Letters testamentary were issued by the Surrogate of New York County to the widow July 2, 1953. The net value of the estate was $192,000. Shortly after the issuance of letters, the petitioners, a firm of lawyers, filed a claim for $50,445.15, a quarter of the net estate, for “ fees including disbursements, for legal professional services ” claimed to have been rendered testator during his lifetime. The testatrix rejected the claim and, almost six years later, claimants on June 30, 1959 filed a petition with the Surrogate for a compulsory accounting by the executrix.
In response to this petition the executrix filed an affidavit in which she advised the Surrogate that there were no claims pending against the estate other than this one; that she was the sole legatee under her husband’s will; that she had never made an accounting and there would be no necessity for one unless she were required by the Surrogate to do so “ on the basis of petitioner’s application”. The affidavit stated her objection to an accounting because of the unnecessary expense involved since the assets were sufficient to meet this claim if it were determined to be valid.
The affidavit stated: “ I do not admit the validity of the petitioner’s claim. However, I am perfectly willing to agree to a trial of that claim, provided all of my defenses against the claim and my other rights, both substantive and procedural, in relation thereto are preserved.” She then asked that the application for compulsory accounting be denied and that the Surrogate “direct a trial of all the issues involved in the disputed claim.”
This affidavit was served on January 19, 1960; it contained no demand for a jury trial. On March 11,1960 executrix served *256 a duplicate copy of her affidavit on which there was noted “ Respondent Demands Trial by Jury”. Thereafter on the same day the Surrogate stated in open court he would ” deem ” the affidavit to be the executrix’ answer. At this court session the petitioners orally moved to vacate the demand for a jury trial on the ground testatrix was not entitled to a jury as a matter of right.
On September 15, 1960 the Surrogate decided petitioners’ motion addressed to the demand for a jury trial by holding that executrix had no right to a jury trial even as a matter of discretion and accordingly his order vacated the demand. The Appellate Division by a divided court affirmed this order, ruling that the executrix could not have a jury trial as a matter of right, but gave her leave “ to apply to the Surrogate for a trial by jury as a matter of discretion ”, the court being of opinion power to grant a trial by jury rested with the Surrogate.
We are of opinion the executrix had a right to trial by jury which should not have been denied. Petitioners’ claim is an action at law for work, labor and services, and the right to trial by jury in all such cases is preserved by the Constitution (art. I, § 2). No reported case has been cited in New York, and we have found none, where it has been held that an administrator or executor, making timely assertion of right, is deprived of a jury upon a claim based on a cause against him actionable at law.
It is useful to look closely at Matter of Boyle (242 N. Y. 342 [1926]) to see exactly what the court there had before it and what it decided, for this is a leading authority on the subject. It is cited in the prevailing and dissenting opinions at the Appellate Division and both sides rely on it in the arguments in this court.
A claim had there been made to an administrator for services and materials furnished the decedent. The claim was rejected, but claimant did nothing until the administrator filed his account and asked for judicial settlement. Claimant appeared on the accounting proceeding and asked that the validity of her claim be submitted to a jury. This application was granted; the order was affirmed by the Appellate Division, which certified to this court the question whether claimant was ‘ ‘ entitled as a matter of right to a trial by jury of her claim ” (supra, *257 p. 344). This court reversed and answered the question in the negative.
The reason for the reversal was that the claimant, not having commenced an action within three months after the rejection of her claim, had waived the right to a jury trial under section 211 of the Surrogate’s Court Act. This was the question decided, and it has obviously no relevancy to the situation of the executrix in the case before us who had no other choice but to administer the estate in the Surrogate’s Court and had no access to any other tribunal for the adjudication at law of the claim which had been made against her. The effect of waiver, which was applied to the claimant in Boyle (supra) because the claimant could, within the statutory time, have sued the administrator in a law court where a jury trial would have been allowed as a matter of right, but chose not to do so, is not controlling in the case before us.
The “plain wording of the statute” in the opinion of McLaughlin, J. (p. 345) dictated the result. The decisive issue which controlled the opinion is in this paragraph (p. 345): “ It will be observed that provision is made in the statute that where a claim is rejected, an action may be brought in the ordinary way and a jury trial had, if the claimant shall within three months after rejection commence an action for the recovery of the amount of the claim against the executor or administrator, or if the debt is not due, then two months after the same becomes due. And, unless an action be brought within the time specified, then according to the plain wording of the statute the claimant and all persons claiming under him shall forever be barred from maintaining said action and in such case said claim shall be tried and determined upon the judicial settlement.’ ”
The court did not have before it for decision, and, of course, did not attempt to decide the right of the administrator to a jury trial. The opinion discussed some of the cases which had considered demands for jury trials made both by claimants and administrators, but there was no statement of disapproval of cases such as Matter of Beer (188 App. Div. 894) where a jury was directed at the request of the administratrix. The decision in Matter of Woodward (105 Misc. 446, affd. 188 App. Div. 888) was cited, but there the application of the executrix for a jury trial was denied by Surrogate Fowler *258 for the ‘‘ wholly adequate reason ” that ‘‘ It comes too late ” (p. 450). Other cases cited, Matter of Stein (200 App. Div. 726) and Matter of Beare (122 Misc. 519, affd. 214 App. Div. 723) dealt with demands by claimants. The later decision in Matter of Raymond v. Estate of Davis (220 App. Div. 480) dealt with a claimant’s right to a jury trial and is based on Boyle (supra). Although there is language of generalization in Boyle, e.g., “ The statute gives an absolute right to a jury trial in a probate proceeding, but there is no such right as to a rejected claim” (p. 345), the effect of the decision must be kept within the area of the problem then before the court: a waiver of right to jury trial by a claimant who fails to pursue within the statutory time an action at law in which he would have been entitled to a jury.
The difference between a claimant who has a choice to pursue an action in law or to file a claim and an administrator who must, at the election of the claimant, either defend in the law action or before the Surrogate may in some respects be analogized to the difference between a plaintiff who chooses to join legal and equitable causes in a suit in equity and a defendant who is brought into equity and required, among other things, to defend there a law cause of action. It is held the plaintiff waives the right by joinder (Di Menna v. Cooper & Evans Co., 220 N. Y. 391), but that defendant does not (Wheelock v. Lee, 74 N. Y. 495).
Nor could the Legislature deprive a party who would have had a right to jury trial at common law of such right by authorizing a court of equity to take jurisdiction (People ex rel. Lemon v. Elmore, 256 N. Y. 489, 493; Hudson v. Caryl, 44 N. Y. 553).
No equitable principles govern the jurai relations between these claimants and the executrix. She has no matured fiduciary duty to them until they have succeeded in establishing their disputed law cause based on the claim that her husband owed them money for services (McCarthy & Co. v. Hill, 295 N. Y. 320).
Since the cause of action asserted by claimants is one for which a jury trial is preserved by the Constitution, the Legislature could not completely deprive the executrix of her right to jury trial in some forum, and the history of section 68 of the *259 Surrogate’s Court Act makes it clear that the Legislature did not intend to deprive her of that right. Before 1914 the Surrogate’s Court had no jurisdiction, unless on consent of the parties, to try claims which would be triable as of right by a jury at common law, and before 1895 it had no jurisdiction whatever to try such disputed claims. An amendment in 1895 authorized their trial by consent (L. 1895, ch. 595; Code Civ. Pro., § 1822, the subject matter of which is now substantially covered by Surrogate’s Ct. Act, § 211).
A general revision of the code provisions dealing with procedure in Surrogate’s Court was enacted in 1914 (L. 1914, eh. 443). Provision was made for adjudication of claims before the Surrogate upon accounting without consent, but it is clear both from the language of the amendments as well as from the views of the revisers (Report of Commission to Revise Practice and Procedure in Surrogates’ Courts [1914]) that it was intended to preserve the existing right of jury trial in creditors’ claims arising on judicial settlement.
Heavy reliance is placed by claimants on the opinion in Matter of Beare (supra), but the point decided in that case was the right of an executor, who also was a claimant, to have a jury trial of his own claim against the estate. The decision is neither relevant nor controlling on the issue before us.
Respondents also suggest that even if executrix had a right to jury trial she waived it, since section 67 of the Surrogate’s Court Act provides that a right to trial by jury as to “ any issue of fact ’ ’ shall be deemed waived unless demanded in writing and served with the answer or objections. The affidavit filed by executrix in opposition to the petitioners’ motion for a compulsory accounting does not meet the specification of the kind of pleading—‘‘ answer or objections ” — described in section 67. The petitioners made no allegation of “fact” in their petition as to the basis of the claim. They stated merely that the petitioners were “ creditors ” of the testator and asked for an accounting.
Executrix was not asserting any issue of fact on the merits of the claimants ’ purported legal services. She was requesting, rather, that whatever issue might arise should be tried directly and simply without burdening the estate with the expenses of an accounting. The expression of her willingness to a trial *260 of the claim if “ all of my defenses * * * are preserved ” could have no other meaning and certainly does not amount to a tender of any issue. Not until the Surrogate ruled that he “ deemed ” this an “ answer ” could it conceivably be treated by the litigants as either asserting or framing an issue of fact on the merits of the claim, and before this judicial construction had been announced the demand for a jury trial had been served in writing.
Besides this, the argument that there was a waiver comes too late in this court. It was not made to the Surrogate, and he was clearly of opinion that the demand was timely. It was asserted for the first time in the Appellate Division. That court entirely, and properly, disregarded it. And it ought not be assertable now (Wakeman v. Wilbur, 147 N. Y. 657; Sterrett v. Third Nat. Bank of Buffalo, 122 N. Y. 659; Burnside v. Matthews, 54 N. Y. 78; Barnes v. Perine, 12 N. Y. 18; Cohen and Karger, Powers of the New York Court of Appeals, ch. 17).
The order should be reversed and the certified question answered in the affirmative and the matter remitted to the Surrogates’ Court for further proceedings in accordance with this opinion, with costs to appellant against respondents.