OPINION OF THE COURT
Bernard L. Reagan, S.
Saul Schneier died testate on January 26, 1973.
*184 Preliminary letters were granted on April 10, 1973 to the Merchants National Bank and Trust Company, the named executor in said will. Letters testamentary were issued on July 20, 1976.
On or about January 24, 1974 the petitioner, Nathan Friedman, brought a proceeding entitled "Petition to Compel Delivery of Property by Fiduciary SCPA 2105”. Respondent executor filed its answer on February 4, 1974.
By order dated October 31, 1978 this court granted permission to the petitioner, Nathan Friedman, to file an amended petition.
The executor served an answer to the amended petition on November 2, 1978. On or about November 6, 1978 the petitioner filed a demand for a jury trial.
On or about December 4, 1978 the executor brought on a motion to strike and vacate the demand for said jury trial.
There are two questions presented by this motion, namely:
(1) Is the petitioner entitled to a jury trial as a matter of constitutional right?
(2) Assuming the answer to the above question is "yes”, was said demand made timely?
The court knows of no rule of law nor any precedent that can be applied in every case in Surrogate’s Court in order to determine when a right to a trial by jury exists.
The court is forced to do considerable research into the nature of the cause of action in order to ascertain whether it is protected by the right of jury trial.
The distinction is based upon historical development and not any magic rule.
Historically, if the case was heard in equity no right to a jury trial applies.
A few general rules have been laid down which are useful.
(1) Section 2 of article I of the New York State Constitution states, "[tjrial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever.”
(2) The constitutional right of trial by jury exists today only in those cases where such right was in existence prior to 1894 (Matter of Luria, 63 Misc 2d 675). From 1777 to 1894 the Constitution guaranteed a trial by jury, "in all cases in which it hath heretofore been used.” (Emphasis added.) The 1938 *185 Constitutional Convention changed the wording to, "in all cases in which it has heretofore been guaranteed by constitutional provision.” (Matter of Luria, supra, pp 676-677; emphasis added), thereby eliminating constitutional guarantee to those statutory rights to jury trial enacted between 1894 and 1938 (Matter of Leary, 175 Misc 254, affd sub nom. Matter of Werner v Reid, 260 App Div 1000, affd 285 NY 693).
(3) In some cases the different nature of Surrogate’s proceedings results in the adoption of different rules. (Matter of Garfield, 14 NY2d 251.)
Whether the petitioner is entitled to a trial by jury turns upon whether his claim is based upon causes actionable at law (NY Const, art I, § 2; CPLR 4101), or are equitable in nature (SCPA 2105).
Petitioner in point I of his memorandum of law contends that the relief sought is in the nature of an action in replevin which is triable by jury as a matter of constitutional right since genuine and bona fide issue of legal title to property are raised.
However, the petitioner’s pleadings clearly set forth that this action is brought pursuant to SCPA 2105. This is the section of law that he directs the court’s attention to in pleading his case.
An action for replevin may be brought to try the right to possession of a chattel, and, accordingly, the issue in replevin under the CPLR will be determined by the relative possessory interests of the parties to the action (12 Carmody-Wait 2d, § 82.30). The primary requirement, therefore, is that petitioner have some legally recognizable title or right to possession. The right to a jury trial in a replevin action to recover a chattel is a constitutional right (NY Const, art I, § 2; CPLR 4101; Metropolitan Life Ins. Co. v Gillman & Sons, 137 Misc 18; Matter of Nutrizio, 211 App Div 8; Matter of Grodsky, 50 Misc 2d 220).
A jury trial in a Surrogate’s Court is a modern procedure which was not known at the time of the adoption of the Constitution, hence not within its protection at that time. (Matter of Price, 204 App Div 252, 254.) It was not until 1914 that statutory provisions were enacted for jury trials in Surrogate’s Court (Matter of Garfield, 14 NY2d 251, supra).
However, the different nature of Surrogate’s Court proceedings often result in the adoption of different rules.
*186 SCPA 2105 is derived from section 206-a of the Surrogate’s Court Act. Actions brought under this section have been commonly termed "reverse discovery proceedings”. Reverse discovery proceedings are equitable in nature of relief sought, and the right to a jury has therefore been denied (see Matter of Leary, 175 Misc 254, supra; Matter of Garfield, 14 NY2d 251, supra; Matter of Luria, 63 Misc 2d 675, supra).
When petitioner chose the Surrogate’s Court as his forum and a summary proceeding therein authorized by statute (SCPA 2105, former Surrogate’s Ct Act, § 206-a) as his procedure, he relinquished his right to trial by jury.
The petitioner should not be permitted to vacillate between a reverse discovery procedure under SCPA 2105 as alleged in his pleadings, and the argument in his brief sounding in replevin. To do so would ignore the unique reverse discovery procedure under SCPA 2105.
We now come to question No. 2 set forth above. Assuming, arguendo, the petitioner was entitled to a jury trial, was the said demand made timely?
SCPA 502 (subd 2, par [a]) states in part "[a] petitioner who desires a jury trial must * * * serve and file in his own behalf a demand for jury trial within 6 days after the service upon him of an answer or objections.”
The petitioner commenced his proceeding on January 24, 1974. The respondent answered said petitioner on February 4, 1974.
No demand for a jury trial was made by the petitioner or respondent within the time limit set forth in SCPA 502 (subd 2, par [a]).
Petitioner, Nathan Friedman, by notice of motion returnable September 15, 1978, sought leave to file an amended petition pursuant to CPLR 3025 (subd [b]). The respondent executor opposed said motion. The court, by written decision dated October 31, 1978, allowed the petitioner to amend his petition. The executor answered said amended petition on November 2, 1978. On November 6, 1978 the petitioner filed a demand for a jury trial.
The respondent has brought a motion to vacate the demand for a jury trial. He argues that the demand is not timely under SCPA 502. The respondent calls the court’s attention to the fact that the court in its decision of October 31, 1978 in allowing the amendment ordered in part as follows: "Ordered, that the amendment to the petition shall not in any way *187 hinder, alter, prejudice, enlarge or otherwise effect any rights or privileges heretofore existing between the parties.”
The petitioner argues he has complied with SCPA 502, pointing out to the court that the statute says, "A petitioner who desires a jury trial must * * * serve and file * * * a demand for jury trial within 6 days after the service upon him of an answer or objections.” This the petitioner claims he has done by serving his demand four days after the service of the amended answer. Ergo, he claims his demand is timely.
A review of the legislative history of SCPA 502 provides guidance as to whether "answer” is to mean original answer or amended answer. SCPA 502 was derived from sections 67 and 68 of the Surrogate’s Court Act. CPLR 4101 and 4102 should be read in conjunction with SCPA 502 (32 CLS, § 502, Revisioners’ Notes).
When read in conjunction with the above statues, it is clear that SCPA 502 (subd 2, par [a]) requires that a demand for a jury trial be made within six days after service upon the petitioner of the original answer or the original objections. However, if new facts are pleaded by the amended petition, to avoid undue prejudice petitioner should be granted the opportunity to make a demand for a jury trial pursuant to CPLR 4102 (subd [e]).
In Matter of Beatty (205 Misc 962, 963, revd on other grounds 285 App Div 1149, affd 309 NY 981), Surrogate Hazleton stated, "[t]he strategy adopted to remedy the defect in making the demand for a jury trial * * * does not appeal to me. Demanding a jury is not an amendment to the objections. The objections remain the same. No new issue is created * * * contestant has demanded a right to which she is entitled only if she has complied with the statute.”
In the case at bar the petitioner’s original petition made general references to securities, while the amended petition made specific references to securities. No new facts or issues were raised by the amended petition. The amended petition and amended answer did little more than elaborate upon the facts before the court.
This estate has been before the court for over five years. An expedient conclusion of the matters is encouraged. A grant of relief under CPLR 4102 (subd [e]) would only exacerbate problems.
The demand for a trial by jury is denied.