■ In the Matter of the Estate of HERBERT REICHOLD, Deceased.—Order unanimously affirmed without costs. Memorandum: The Surrogate properly directed that estate taxes be apportioned among the non-charitable beneficiaries. "[I]n the absence of a clear, unambiguous direction to the contrary in the will, apportionment pursuant to statute will be directed" *(Matter of Shubert,* 10 NY2d 461, 471). Thus, unless the testator explicitly provides otherwise, the charitable beneficiaries are exonerated from the burden of estate taxes *(see,* EPTL 2-1.8 [c] [2]; *Matter of McKinney,* 101 AD2d 477, *lv denied* 63 NY2d 607). The language in the will which forbids the trustee to invade the corpus of the testamentary trusts "for any reason" does not amount to a clear and unambiguous expression of the testator's intent to exempt the trusts from paying their pro rata share of estate taxes or to deprive the charitable beneficiaries of the tax benefits extended by EPTL 2-1.8 (c) (2).

The executor contends that the Surrogate lacked jurisdiction to determine the objections to the account because the trust beneficiaries were not provided the notice required by SCPA 1807. That contention, raised for the first time on appeal, is not properly before this Court *(see, Matter of Garfield,* 14 NY2d 251, 260; *Schoonmaker v State of New York,* 94 AD2d 741).

The Surrogate properly declined to give effect to a purported stipulation approving the accounting. As the Surrogate found, the Attorney-General never expressed approval of the account or the executor's treatment of estate taxes. (Appeal from Order of Erie County Surrogate's Court, Mattina, S.—Judicial Settlement.) Present—Green, J. P., Pine, Boehm and Davis, JJ.