■ In the Matter of the Estate of FRANCES C. BEEBE, Deceased. CHEMUNG CANAL TRUST COMPANY et al., as Coexecutors of FRANCES C. BEEBE, Deceased, Respondents; LAKE STREET PRESBYTERIAN CHURCH, Appellant. [702 NYS2d 683] —Crew III, J. Appeal from an order of the Surrogate's Court of Chemung County (Buckley, S.), entered June 15, 1999, which denied respondent's objections to the petition on the issue of apportionment of estate taxes.

Frances C. Beebe (hereinafter decedent) died in February 1996 leaving an estate valued at approximately $1 million. After making certain specific bequests to friends, relatives and the retirement home in which she resided prior to her death, decedent directed, pursuant to paragraph 21 of her last will and testament, that her residuary estate be distributed as follows: one third to respondent, one third to Elmira College and one third, to be shared equally, to three relatives, including petitioner Raymond S. Perry, Jr., the coexecutor of her estate.

Insofar as is relevant to this appeal, paragraph 22 of decedent's will directed that the payment of any estate tax due be handled in the following manner: "TWENTY SECOND: I direct that all inheritance taxes, estate and succession taxes, be paid by my Executor or Trustee, as the case may be, and be charged against my residuary estate, and not against the person or party receiving or in possession of the property taxes or receiving the benefit thereof. I further direct that there shall be no proration or apportionment of said taxes." Pursuant to the foregoing provision, petitioners allocated the State estate tax due ($16,779.65) among all residuary beneficiaries, including respondent.[1] Respondent thereafter filed objections[2] to petitioners' account contending, *inter alia*, that the estate tax should be apportioned solely among the noncharitable residuary beneficiaries, i.e., the three relatives of decedent named as residuary beneficiaries, pursuant to EPTL 2-1.8 (c) (2). Surrogate's Court denied respondent's objections, prompting this appeal.

---

1. No Federal estate tax was due.

2. The record reveals that the Attorney General filed an unrelated objection to petitioners' account that is not at issue on this appeal.

We affirm. Unless a testator otherwise provides in his or her will, any estate tax due must "be apportioned among the persons benefited in the proportion that the value of the property or interest received by such person benefited bears to the total value of the property and interest received by all persons benefited" (EPTL 2-1.8 [c] [1]), taking into account any marital, charitable or insurance deduction that may apply (*see*, EPTL 2-1.8 [c] [2]). Case law interpreting EPTL 2-1.8 and its predecessor, former Decedent Estate Law § 124, makes clear that "in the absence of a clear, unambiguous direction to the contrary in the will, apportionment pursuant to statute will be directed" (*Matter of Shubert*, 10 NY2d 461, 471; *see*, *Matter of Atkinson*, 148 AD2d 839, 840). Thus, once the statutory scheme is triggered, each beneficiary pays his, her or its fair share of estate tax, subject to any applicable deductions.

To that end, it is well settled that "a general direction that all estate or inheritance taxes be paid out of the residue is not the equivalent of a direction against proration within the residue itself nor a command that taxes be treated as [an] administration expense" (*Matter of Shubert, supra*, at 471). Thus, had decedent's will merely provided that "all inheritance taxes, estate and succession taxes * * * be charged against [her] residuary estate", such language indeed would have been insufficient to avoid statutory apportionment (*see*, *id.*);[3] under such circumstances, respondent would have received the benefit of the charitable deduction set forth in EPTL 2-1.8 (c) (2) and, hence, would have been relieved of the burden of estate taxes (*see*, *Matter of Reichold*, 186 AD2d 1000). Decedent's will, however, further provided "that there * * * be no proration or apportionment of said taxes", i.e., the taxes to be charged against her residuary estate. In our view, such language constitutes a clear, unambiguous direction against statutory apportionment (*see*, *Matter of Atkinson, supra*)[4] and is sufficient to deny respondent the benefit of EPTL 2-1.8. Respondent's

---

**3.** Pursuant to the tax clause at issue in *Matter of Shubert* (10 NY2d 461, 466, *supra*), the decedent directed that "all estate, inheritance, succession, transfer or similar taxes on my estate passing under this will shall be paid out of my residuary estate."

**4.** The pertinent provisions of the will at issue in *Matter of Atkinson* (148 AD2d 839, 840, *supra*) provided, in relevant part, as follows:

" 'third. All the rest, residue and remainder of my estate * * * which remains after all debts, administration expenses and taxes, of every nature, are paid in full, I give, devise and bequeath in the following manner * * *

" 'fourth. I direct that all estate, transfer, inheritance and like taxes * * * be paid out of my testamentary residuary estate and that no portion thereof shall be apportioned to or collected from any legatee, devisee or other recipient of property constituting part of my taxable estate' " (emphasis omitted).

remaining arguments have been examined and found to be lacking in merit.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.