### WARE *v.* THE STATE.

GILBERT, J. 1. The verdict is supported by evidence, and the court did not err in refusing a new trial based o.. the general grounds of the motion.

2. The court did not err in refusing to allow the defendant to introduce evidence for the purpose of impeaching a witness voluntarily called by him, on the ground that his counsel had been entrapped, where it appeared, without contradiction, that the witness had never in any way misled the defendant or his counsel, although the father of the witness had assured counsel that the witness would testify substantially differently from what the witness did testify on the stand; it rurther appearing that the witness when interrogated by counsel, expressly declined to make any statement until he was placed on the witness stand.

3. There is no merit in that ground of the motion for a new trial complaining that the court allowed a witness to be interrogated on a subject over the objection of the accused, when it further appears that the answer of the witness was favorable to the accused, and that no injury could result to the accused from the question and answer.

4. Manslaughter was not involved in the case, and it was not error for the court so to instruct the jury. Under the evidence the jury were re-

quired to find that the defendant was guilty of murder, or that the homicide was the result of accident and therefore that the defendant was not guilty of any crime. The court instructed the jury appropriately on these subjects.

5. There was no error in the court's instruction on the subject of malice, and under the evidence the instructions were authorized.

6. The accused introduced evidence tending to show that the deceased made a dying declaration to the effect that there was no quarrel, and that the killing was accidental. In instructing the jury on the subject of dying declarations the court failed to instruct the jury that "dying declarations must be received by the jury with great caution." As this evidence was introduced by the accused, the omission was not injurious, but favorable to the accused, and therefore is no cause for a reversal.

7. Counsel for the accused orally requested the court to charge the jury on the subject of "impeachment of witnesses by the dying statement," and error is assigned on the failure of the court so to charge. The court did instruct the jury generally on the subject of impeachment of witnesses. An oral request for instructions is not the equivalent of a timely written request as required by the Penal Code, ? 1087. A refusal to charge in accordance with an oral request is the equivalent of a mere failure to charge. It is settled by numerous decisions of this court that a mere failure to charge the jury on the subject of impeachment of witnesses, where there is no timely written request, is not error. See collection of cases 11 Mich. Dig. Cum. Supp. 681.

8. None of the grounds of the motion for a new trial show error.

*Judgment affirmed. All the Justices concur.*

No. 3957. NOVEMBER 14, 1923.

Murder. Before Judge Hardeman. Emanuel superior court. August 14, 1923.

*John R. Cooper* and *W. O. Cooper Jr.*, for plaintiff in error.

*George M. Napier*, attorney-general, *Walter F. Grey*, solicitor-general, and *T. R. Gress*, assistant atty.-gen., contra.