appeal to the Court of Appeals denied. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

ALBERT M. WIESS, Respondent, v. QUEENS BUS LINES, INC., Appellant.— Motion to open default granted. Argument of motion set down for Thursday, April 14, 1927. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

CHARLES F. WILCOX, Appellant, v. ESTATE OF JAMES S. SCHENCK, Deceased, and WILLIAM S. SCHENCK, Administrator of Said Estate, Respondent.— Motion to dismiss appeal granted. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

ANTONIO ANDRADE, Respondent, v. INTERNATIONAL CONTRACTORS AND ENGINEERS OF AMERICA, INC., Appellant.— On reargument, judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

MARIE CAMPBELL, Appellant, v. JAMES A. CAMPBELL, Respondent.— Judgment unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

GENNARO DAPUZZO, Respondent, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

ALVAH C. HAFF, Respondent, v. FRANK MORGAN, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

EDWIN HEAL, Respondent, v. NEW YORK HARBOR DRY DOCK COMPANY, INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

WILHELMINA E. HOYT, Appellant, v. ALPHEUS W. HOYT, Respondent.— Judgment of the City Court of New Rochelle reversed upon the law and the facts, and a new trial ordered, with costs to abide the event. We think that the letter of January 13, 1922, and the acceptance by plaintiff of the payments made by defendant thereunder, constitute a binding and enforcible agreement, and that the evidence did not show any modification thereof. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

MAX KOTLER, Appellant, v. MAX KAPLAN and KAPLAN, KOTLER & CO., Respondents, and Another, Defendant.— Order requiring plaintiff separately to state and number alleged causes of action reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Plaintiff states but one cause of action. It is alleged that, while the partnership between plaintiff and the two individual defendants was in effect, the latter took all the property of the partnership and placed it in the possession and under the control of the corporation, in which they were the sole parties in interest. This property was used in the business of the corporation, together with property of the corporation, and these properties had become so intermingled that the former can no longer be identified. Plaintiff seeks a dissolution of the partnership, to have his two partners account, and also the corporation, which really is these two partners as far as the property so taken is concerned. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

STEPHANIA KURSA and WILLIAM HORMAN, Administrators, etc., of MATWEY KURSA, Deceased, Respondents, v. OVERSEAS SHIPPING COMPANY, INC., Appel-