CHARLES L. CRAIG, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, February 14, 1930.

*Charles H. Kelby* of counsel [*Charles L. Craig,* appellant in person, attorney], for the appellant.

*Vine H. Smith* of counsel [*Edward F. Joyce* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

McAVOY, J. The plaintiff sues for the reasonable value of his services as a lawyer, rendered to the defendant at its special instance and request, as special counsel for the city of New York between

March 19, 1928, and September 12, 1929, in certain so-called transit litigation involving the maintenance of the five-cent fare as an obligation of the defendant's and transit company's contract.

Issue was joined in this action by the service of defendant's answer on November 4, 1929. On November 14, 1929, plaintiff served a notice of trial. No demand for a jury trial was served by the plaintiff at the time of serving his notice of trial. The defendant served its cross-notice of trial on the 16th day of November, 1929. The defendant did not serve with its notice of trial, nor at any other time, any demand for a jury trial.

On the 21st day of December, 1929, plaintiff served a notice of motion and affidavit for an order placing this cause on the reserve calendar for trial on a day certain. In that affidavit plaintiff stated that neither the plaintiff nor the defendant had demanded a jury trial, as provided for by subdivision 5 of section 426 of the Civil Practice Act, and that a jury trial had, therefore, been waived by both parties. On December 31, 1929, defendant served its notice of motion for an order permitting the defendant to serve and file *nunc pro tunc* as of the 16th day of November, 1929, a written demand for a jury trial. The moving affidavit of the defendant raised three questions of law: *One,* that subdivision 5 of section 426 of the Civil Practice Act is unconstitutional, in that it deprives the defendant of its constitutional right to try the issues of this action by a jury. *Two,* that the provisions of subdivision 5 of section 426 of the Civil Practice Act relate only to actions which are actually pending in the Supreme Court in the counties of New York and Bronx on May 1, 1927; and that, therefore, this action which was not pending on May 1, 1927, is not governed by subdivision 5 of section 426 of the Civil Practice Act. *Three,* that there was no waiver of a jury trial by the defendant; that even if there was a waiver, the court has power under section 105 of the Civil Practice Act to allow the service of a demand for a jury trial *nunc pro tunc.*

We think all these questions of law should be decided adversely to the defendant and that, to preserve the policy intended in enacting the legislation affecting demands for jury trials, we must reverse and deny the motion to file the demand *nunc pro tunc.*

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.