MANHATTAN REALTIES, INC., Appellant, v. GODFREY M. WEINSTEIN & CO., INC., and YORKVILLE OPERATING CO., INC., Respondents.— Judgment of the County Court of Nassau county reversed upon the law and the facts and a new trial ordered, costs to abide the event. We are of opinion that, under the admissions contained in the answers of the defendants and the testimony of the witness Ornstein, plaintiff's case was made out and that the case should have been submitted to the jury. Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.

NEW YORK INVESTORS, INC. (Formerly Known as REALTY ASSOCIATES), Respondent, v. LAURELTON HOMES, INC., and Others, Appellants.— Order denying defendants' motion for permission to serve and file nunc pro tunc as of November 14, 1929, a written demand for a jury trial pursuant to subdivision 5 of section 426 of the Civil Practice Act,■ and to direct the calendar clerk to accept such demand on the payment of legal fees, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. Subdivision 5 of section 426 of the Civil Practice Act is constitutional. The court, however, is not without power, in the exercise of a sound discretion, to relieve a party who has failed to serve the demand prescribed by that subdivision within the requisite period, where that failure is due to excusable mistake or inadvertence. The facts herein present an honest and excusable instance of mistake and inadvertent failure to serve the requisite notice and disclose that the act of omission occurred under circumstances negativing the idea that there was a willful or intentional waiver of the substantial constitutional right to a jury trial possessed by the defendants. The record also shows that relieving from this mistake does not prejudice the adverse party in any particular that would not have prejudiced him if the notice had been served within the required time. In so far as Craig v. City of New York (228 App. Div. 275) is to the contrary, we do not feel impelled to follow it in view of the power of the court indicated as existing in Moot v. Moot (214 N. Y. 204, 211) and of the provisions of section 105 of the Civil Practice Act. Young, Rich, Kapper, Hagarty and Carswell, JJ., concur.

MORRIS NOLIBOFF, Respondent, v. ANNA NOLIBOFF, an Infant, by YETTA SADAI, Her Guardian ad Litem, Appellant.— Order denying defendant's motion for counsel fee reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Counsel fee is fixed at $400 and an additional sum of $250 is allowed to the defendant for disbursements upon the plaintiff's furnishing the defendant with a copy of the separation trial minutes within ten days after the entry of this order; and in the event those minutes are not so furnished, the allowance for disbursements will be fixed at $350. The defendant is entitled to an adequate fee to defend herself and to preserve the rights which have accrued to her by reason of her marriage to the plaintiff. The nature of the charges lodged against her by her husband necessitates substantial disbursements to enable her to prepare her defense to these charges. Lazansky, P. J., Rich, Hagarty, Carswell and Tompkins, JJ., concur.