LEWIS GOLDSTEIN, Respondent, *v.* JEAN M. LANGENIEUX and PERCY B. LANGENIEUX, Individually and as Copartners, Trading under the Firm Name and Style of J. M. LANGENIEUX & SON, Appellants.

First Department, October 24, 1930.

*Lionel S. Popkin* of counsel [*Arthur A. Segall* with him on the brief; *Limburg, Riegelman, Hirsch & Hess,* attorneys], for the appellants.

*Moses Cohen* of counsel [*Arthur Abraham* with him on the brief; *Zalkin & Cohen,* attorneys], for the respondent.

McAVOY, J.   The order of which complaint is made on this appeal denied a motion to strike this cause from the jury calendar and to place it upon the non-jury calendar, the ground for the relief being that a demand for jury trial was not served by plaintiff with its notice of trial as required by section 426 of the Civil Practice Act and subdivision 2 of rule 2 of the New York County Supreme Court Trial Term Rules, but that such demand was served subsequent to the service of the notice of trial originally served on defendants. The complaint prays judgment for a sum of money only in an action pending in the Supreme Court, New York county.

On December 13, 1929, a notice of trial for the January, 1930, term was served by the plaintiff without a demand for a jury. A cross-notice of trial was served the following day for the same term by the defendants.

On December 20, 1929, plaintiff served a demand for jury trial, dated on that day, which defendants' attorney returned, together with a notice stating that, since such demand was not served with the notice of trial, it was of no force or effect.

Then plaintiff served a second notice of trial, dated December 20, 1929, for the January term, which was in time so far as the requirement of the statute goes, and with this new notice of trial he served another demand for jury trial dated on that day.

Defendants returned to plaintiff's attorney this notice of trial and demand for jury trial, and at the same time the defendants' attorneys served a notice stating the grounds of objection.

Thereafter plaintiff's attorney again returned to defendants' attorneys plaintiff's notice of trial and demand for jury trial, when the service and return on the part of both sides ceased.

We hold that the serving of a notice of trial for a specific term of court, without serving a demand for a jury, and the subsequent withdrawal of such notice of trial so served and the service of a new notice of trial with a demand for a jury trial, do not comply with the direction of the statute. Subdivision 5 of section 426 of the Civil Practice Act (added by Laws of 1927, chap. 696, as amd. by Laws of 1929, chap. 196), which regulates the trial of money and certain other actions pending in the Supreme Court in the county of New York and certain other specified counties, is precise in its provision that a party may waive his right to the trial of the issues of fact by a jury " by failing to serve with his notice of trial a written notice demanding trial by jury and failing to file a copy of such latter notice with the county clerk within ten days after service thereof." There is no exception indicated in the statute to the effect that the plaintiff may fail to serve a written demand for jury trial with the notice of trial and that he may thereafter withdraw and serve a new notice of trial, even in time for the same term, with a demand for a jury trial. (See, also, N. Y. Co. Sup. Ct. Trial Term Rules, rule 2, subd. 2.) We accordingly hold that the demand was not served as prescribed, and that thus the waiver was accomplished.

The order should be reversed, with ten dollars costs and disbursements, and the motion to strike the case from the jury calendar should be granted, with ten dollars costs.

Dowling, P. J., Finch, Martin and O'Malley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.