EDWARD J. KEANE, Respondent, *v.* CONNECTICUT FIRE INSURANCE COMPANY OF HARTFORD, Appellant.*

Supreme Court, Appellate Term, First Department, November 10, 1930.

*Bigham, Englar, Jones & Houston* [*John M. Aherne* of counsel], for the appellant.

*Thomas A. McDonald* [*Franklin M. Depew* of counsel], for the respondent.

PER CURIAM. It seems to us that *Craig* v. *City of New York* (228 App. Div. 275) does not preclude the granting of relief to the plaintiff in this action. There the Civil Practice Act amendment (§ 426, subd. 5), corresponding to section 16-a of the New York City Court Act (added by Laws of 1930, chap. 514), was enacted

* See 232 App. Div. 655.

more than two years before the order appealed from in the *Craig* case was made, so that the bar had ample notice of the amendment. Here, however, section 16-a of the City Court Act was approved by the Governor and went into effect April 16, 1930, and when the notice of trial in this action was served, sixteen days thereafter, the plaintiff's attorney was actually ignorant of the change in the practice depriving his client of a right to a jury trial unless the provisions of the amendment were complied with, and his attention was not called to the amendment until a notice to that effect appeared in the New York Law Journal on June sixth. Under the circumstances it was proper to relieve plaintiff of his default.

Order affirmed, with ten dollars costs and disbursements, with leave to appeal to the Appellate Division.

LYDON and CALLAHAN, JJ., concur; LEVY, J., dissents with memorandum.

LEVY, J. (dissenting). I am unable to say that my colleagues do not argue persuasively here. If support for this were necessary, recurrence to *Craig* v. *City of New York* (N. Y. L. J. Jan. 10, 1930) would clearly disclose that, following the authority of the Court of Appeals in *Moot* v. *Moot* (214 N. Y. 204), I took occasion to state: " It seems to me that where the waiver of a jury trial is the result of an *inadvertent* and *excusable omission*, rather than of an affirmative act, the court might well relieve from the default." (Italics mine.)

The Appellate Division in this department, however, in the very *Craig Case* (228 App. Div. 275), held the court to be *without* power in this direction and reversed the order in a situation somewhat similar to the one under consideration, because of a desire to preserve the salutary " policy intended in enacting the legislation affecting demands for jury trials, * * *."

True it is that since the *Craig* decision the Appellate Division in the Second Department in *New York Investors, Inc.*, v. *Laurelton Homes, Inc.* (230 App. Div. 712) has held diametrically the opposite way. There it was determined that the court *was* possessed of the power, the *Moot* case being cited as authority for the proposition, the court adding that it did " not feel impelled " to follow the *Craig* case in this respect. Indeed it stated that the Special Term *was* empowered, in the exercise of a sound discretion, to relieve a party who has failed to serve the demand for a jury trial, " where that failure is due to *excusable mistake* or *inadvertence* " (italics mine); but I feel that the *Craig* case unequivocally precludes the granting of the relief sought below. Furthermore, the attitude

of the Appellate Division in this department in regard to the mere failure to serve a timely demand as constituting an absolute waiver, is emphasized by its very recent decision in *Goldstein* v. *Langenieux* (230 App. Div. 445), some time after the report of the *New York Investors* case in the Second Department.

We have then a very decided conflict of authority, but I cannot see that this avails us. In the circumstances I am constrained to dissent and vote to reverse the order under review.