Sidney Blumenthal & Co., Inc., Appellant, v. Max Oltarsh and Others, Copartners Doing Business under the Firm Name and Style of J. Oltarsh, Respondents.

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on May 28, 1931, resettling an order entered December 4, 1930, which granted the defendants' motion for consolidation by adding a provision that defendants in consolidated action be permitted to serve a demand for a jury trial, and that said action be transferred to jury Trial Term calendar.

Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Finch, P. J., Merrell, O'Malley, Sherman and Townley, JJ.; Finch, P. J., and Sherman, J., dissent.

Sherman, J. (dissenting). This action was at issue on August 6, 1930. Plaintiff served on September 18, 1930, a notice of trial without a jury demand and filed a note of issue for the October term. Defendants made no demand for a jury trial, but moved on September 19, 1930, to consolidate this action with one brought against appellant in which respondents were plaintiffs but in which issue had not yet been joined. The court by decision announced on October 23, 1930, and upon which the order was entered on November 10, 1930, consolidated the two actions into this action. Defendants had theretofore waived their right to a jury trial of this action under section 426 of the Civil Practice Act. Thereafter on December 27, 1930, plaintiff moved herein for a preference as a non-jury action

which was granted and the action was set for trial for February 16, 1931. When it appeared upon the non-jury day calendar on February 16, 1931, defendants attended and the trial of the case was adjourned. Thereafter on February 27, 1931, defendants moved to resettle the consolidating order (which had been once resettled in another respect on December 4, 1930), and, succeeding upon that motion, have been granted the right to serve a demand for a jury trial and the clerk of the court has been directed to transfer the action from the non-jury Trial Term calendar to the jury Trial Term calendar. This appeal is taken from that order of resettlement. When the consolidation motion was made, no demand for a jury trial herein having been served and filed, the defendants waived their right thereto. They may not, by seeking the consolidating order or moving for the resettlement of such order, revive their right to a jury trial. The court is without power to grant a jury trial to a party who has failed to comply with section 426 of the Civil Practice Act. (*Craig* v. *City of New York*, 228 App. Div. 275; *Goldstein* v. *Langenieux*, 230 App. Div. 445.) Accordingly the order granting defendants' motion to transfer the trial from the non-jury calendar to the jury calendar cannot be sustained. The order appealed from should be reversed. Finch, P. J., concurs.