REBECCA GREENBERG, Plaintiff, *v.* MOYLAN REALTY Co., INC., Defendant.

Supreme Court, Bronx County, November 2, 1935.

*Saypol & Rock*, for the motion.

*Joseph S. Robinson*, opposed.

HAMMER, J.  Plaintiff moves to strike the above-entitled cause from the jury calendar and to place same on the non-jury calendar. Issue was joined on March 28, 1935, by service of the defendant's answer, upon which was indorsed the name and office address of an attorney who appeared for the defendant.  On October 11, 1935, plaintiff served a copy of note of issue upon said attorney noticing the case for the November term.  On October sixteenth a copy of demand for jury trial was received by the attorneys for the plaintiff.  The paper was subscribed with the name and address of an attorney other than the attorney of record.  On the same day the paper was returned to the attorney whose name was so subscribed with a notice stating it was returned for the reason that

such attorney did not appear as attorney for the defendant in the action. The original of the returned notice within three days was filed in the office of the county clerk. Unless notice of jury demand is served and filed as required by subdivision 5 of section 426 of the Civil Practice Act, jury trial is waived. The timely service by either party of a copy of note of issue without a written notice demanding jury trial, or the non-filing of such notice with the county clerk, constitutes a waiver by such party of jury trial. Although entitled to jury trial any other party served with copy of note of issue without notice of demand for jury waives jury trial, by not serving a written notice demanding same within six days after such service or, after service, by not filing the notice with the county clerk within three days. Under rule 11 of the Rules of Civil Practice all papers served or filed in any action or proceeding are required to have the name of the attorney indorsed thereon if the party appears by the attorney. A notice of demand for jury trial which does not have the name of the attorney upon it who appeared in the action but has that of another attorney who had not served or filed written consent to substitution as attorney of record is not the notice of the defendant and plaintiff is entitled to return same for the reason that the attorney whose name is upon the demand is not the attorney in the action. The service and filing of written consent to substitution after the six-day period for service of jury demand and the three-day filing period have expired does not render the notice of jury demand effective. A jury demand may not be validated *nunc pro tunc*. (*Craig* v. *City of New York*, 228 App. Div. 275.) Even if a notice of jury demand indorsed with the name of an attorney other than the attorney of record were considered a mere irregularity, the prompt return of same on that ground which thus called the defect to the serving party's attention, and failure to cure the irregularity and to serve and file proper notice within the time required by section 426 clearly constitute waiver of jury trial. Motion is granted.