In the Matter of the Application of LENA KORN, Administratrix, etc., of DAVID SACHS, Also Known as DAVID SACKS, Deceased, for an Inquiry Pursuant to Section 205 of the Surrogate's Court Act, in the Estate of the Said Deceased.

YETTA WEINBERG, Appellant; LENA KORN, as Administratrix, etc., Respondent.

First Department, March 3, 1939.

Harold M. Hoffman of counsel [Morris Cooperstein, attorney], for the appellant.

Milton W. Levy, for the respondent.

GLENNON, J. This is an appeal from an order, entered on December 19, 1938, in the Surrogate's Court, New York county, which denied the appellant's motion for a jury trial of the issues in a discovery proceeding.

There is little, if any, dispute as to the facts. A discovery proceeding was commenced by the administratrix by an order

entered on November 23, 1938. Two days later a certified copy was served upon the appellant. On November twenty-ninth, the return date of the order, appellant filed an authorization and notice of appearance and informed the surrogate that an answer would be interposed within two days. Appellant, on December first, served an answer in which she set up, as a defense to the petition of the administratrix, a claim of title by virtue of a gift *causa mortis*. It appears from the affidavit of the attorney for the administratrix that she is seeking in this proceeding over $50,000 in savings bank accounts, some cash and some jewelry. On December sixth a notice appeared in the *New York Law Journal* that a hearing would be held on December twentieth. Two days later the appellant's attorney served upon respondent's attorney a demand for a jury trial and attempted to file the original thereof with the clerk of the court. The clerk refused to accept the demand and the respondent's attorney rejected and returned the copy on the same day with a notice that the demand was not served seasonably. On December ninth the appellant procured an order to show cause, returnable on the thirteenth, why she should not be granted a trial by jury. A hearing was had and the motion was denied. The surrogate wrote: " The application for a trial by jury of the issue in this discovery proceeding is denied. The decisions in this department require strict observance of the rule that a jury demand must be made with the pleading. Here the demand is long overdue and is not now made seasonably. (*Craig* v. *City of New York*, 228 App. Div. 275; *Matter of Woodward*, 105 Misc. 446; affd., 188 App. Div. 888.) Submit, on notice, order denying the application."

At the outset it must be conceded that since appellant has appeared, admitted possession of the property and claimed title thereto, she has a constitutional right to a trial by jury. In *Matter of Nutrizio* (211 App. Div. 8) Mr. Justice DOWLING said in part: " This proceeding has, therefore, now become one to divest appellant of his alleged ownership of the bonds in question, to take them from his possession and to turn them over to the administratrix as assets of her estate. It is now to all intents and purposes an action in replevin, to recover possession of chattels, and that is its substance not to be altered by any incidental equitable relief granted by the statute. (*City of Syracuse* v. *Hogan*, 234 N. Y. 457.) The right to a trial by a common-law jury in such cases is a constitutional one." (See, also, *Matter of Comfort*, 234 App. Div. 19; *Matter of Pritchard*, 227 id. 105.)

The only question remaining is whether or not the appellant has waived her right to a trial by jury. Section 67 of the Surrogate's Court Act reads as follows: " Right to trial by jury pre-

served, how waived. Whenever in any proceeding in the Surrogate's Court, the order or decree of the court will determine any issue of fact as to which any party has a right of trial by jury in any court, such trial shall be deemed to be waived, unless such party, personally, or through his attorney, guardian, committee, or special guardian appears and seasonably demands the same, in which case such trial shall be had according to the practice of such court. And whenever such trial is demanded, the same may be waived by failing to appear at the trial, by filing with the clerk a written waiver, signed by the attorney for the party, by an oral consent in open court, entered in the minutes, or by moving the trial of the action, without a jury, or, if the adverse party so moves it, by failing to claim a trial by a jury, before the production of any evidence upon the trial."

Section 68, which is entitled, " Trial by jury," reads in part as follows: " In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, and in any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same."

It should be noted that neither section 67 nor 68 requires that a jury demand must be served with a pleading or at any stated time. There does not seem to be any formal rule in the Surrogate's Court which governs the procedure which should be followed where a party entitled thereto desires a trial by jury under these sections. There is nothing in the record here which would indicate that the administratrix moved " the trial of the action, without a jury " within the meaning of section 67, *supra.*

In our opinion the demand for a trial by jury was made " seasonably " since only thirteen days elapsed between the service of a copy of the discovery order upon the appellant's attorney and the date upon which the demand for a jury trial was made.

The case of *Craig* v. *City of New York* (228 App. Div. 275) does not sustain the respondent's contention. The opinion in that case was based upon the provisions of subdivision 5 of section 426 of the Civil Practice Act, whereby the right to a trial by jury in certain actions in the Supreme Court in the counties of New York and Bronx is governed. Nor do we believe that *Matter of Woodward* (105 Misc. 446; affd., 188 App. Div. 888) is in point. The question before the surrogate in that case was the right of an executrix, in a compulsory accounting proceeding commenced by a creditor, to have the issues tried by a jury. There Surrogate FOWLER said in part: " If a creditor neglects to reduce his claim to

judgment under section 2681, cited *in extenso, supra,* and chooses to submit his claim to the surrogate in an accounting proceeding, he, in my judgment, should *ipso facto* be held to have resorted to equity and to have waived his right to a trial by jury in a common-law action. He deliberately chooses to come into equity or into an accounting proceeding in this court, which is the substitute for an administration suit in chancery." (See, also, *Matter of Boyle,* 242 N. Y. 342.)

A rule should be adopted by the Surrogate's Court covering the meaning of the word "seasonably" which is referred to in sections 67 and 68 of the Surrogate's Court Act, so that members of the bar may be in a position to know what procedure to follow if a trial by jury is desired in a proper case.

The order appealed from should be reversed, with twenty dollars costs and disbursements to the appellant, and the matter remitted to the surrogate for further action in accordance with this opinion.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and matter remitted to the surrogate of the county of New York for further action in accordance with opinion.