PHILIP SHLANSKY & BRO., INC., Respondent, *v.* PHILIP GROSSMAN, Appellant. PHILIP GROSSMAN, Appellant, *v.* PHILIP SHLANSKY et al., Respondents.

First Department, April 12, 1948.

*Ben Herzberg* for appellant.

*Samuel Gottlieb* of counsel (*Gainsburg, Gottlieb, Levitan & Cole,* attorneys), for respondents.

*Per Curiam.* The policy of the law is to consolidate actions where it can be done without prejudice to a substantial right (Civ. Prac. Act, § 96). A consolidation in an appropriate case " is not only a saving in time, trouble, and expense to the parties and the state, but a preventive of the injustice which may result from divergent decisions in each separate case." (Clark on Code Pleading [2d ed.], p. 493.) Consolidation is particularly appropriate where, as here, both actions clearly arise out of the same series of transactions and the relief sought in one action would constitute an offset to that sought in the second. Consolidation is not prevented by the circumstance that one action is at law and the other in equity (*Goldey* v. *Bierman,* 201 App. Div. 527); both cases are on their respective day calendars ready to be tried. Nor is it a bar to consolidation that the parties in the two actions are not identical (*Goldey* v. *Bierman, supra*). The defendant in the law action originally demanded a jury trial

but has stipulated to waive a jury on the consolidation. It is true that notwithstanding plaintiff's waiver of a jury the defendant in the law action, who did not there demand a jury, may nevertheless in the consolidated action insist upon a jury to try the law issues (*Godfroy* v. *Guaranty Trust Company*, 253 App. Div. 889; *Blumenthal & Co., Inc.*, v. *Oltarsh*, 234 App. Div. 733); but that is no reason for denying consolidation. In any event, an action triable by a jury may be consolidated with one triable without a jury (*Meuer* v. *Horowitz*, 20 N. Y. S. 2d 780).

It is urged that the corporation, which is the plaintiff in the law action and the defendant in the equity action, was not a member of the alleged joint venture which forms the basis of the suit in equity. It is however, alleged in the complaint in the equity action that the corporation in question diverted merchandise belonging to the joint venture, and must, therefore, account for it. It is well established that a party charged with diverting property from a joint venture is as much a party to an action for accounting as the members of the joint venture themselves and that the complaint against both the members and those participating with knowledge in any diversion, constitutes a single cause of action (*Meyer, Connor & Co.* v. *United Founders Corporation*, 238 App. Div. 642, 646; *Kotler* v. *Kaplan*, 220 App. Div. 729).

In view of the advantages of consolidation in the situation we are here considering and the absence of prejudice to any of the rights of the parties, consolidation should have been ordered as applied for. The orders denying consolidation should, accordingly, be reversed, with $20 costs and disbursements to the appellant and the motion granted. In view of the priority of the law action, the plaintiff in that action shall have the right to open and to close in the consolidated action (*Lee* v. *Schmeltzer*, 229 App. Div. 206).

Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ., concur.

Orders denying motion for consolidation unanimously reversed, with $20 costs and disbursements to the appellant and motion granted. Settle order on notice.