## 42220.   MILLHOLLAND v. OGLESBY.

DECIDED APRIL 24, 1967—REHEARING DENIED MAY 9, 1967—

Sam D. Hewlett, Jr., Florence Hewlett Dendy, for appellant. Gambrell, Harlan, Russell & Moye, Edward W. Killorin, David A. Handley, for appellee.

EBERHARDT, Judge. A statement of the case will be found in *Millholland v. Oglesby*, 114 Ga. App. 745 (152 SE2d 761). The Supreme Court has reversed us. *Millholland v. Oglesby*, 223 Ga. 230 (154 SE2d 194). Consequently, we vacate our judgment. However, as we construe the opinion and judgment of the Supreme Court, by its terms the reversal of our judgment is limited to the question of the appealability of an order staying an action "for an indefinite period [requiring] the party to comply therewith or be forever barred from proceeding with his action," and where the "party contends that it is impossible for him to comply," since "such an order effectively terminates his right to trial and is a final adjudication subject to review." In all other respects our former opinion, being in harmony with what the Supreme Court holds, stands, so we now re-affirm and re-adopt such portions as relate to other matters and proceed with a review of the judgment of the trial court.

As we pointed out in our previous opinion, when the notice to take plaintiff's deposition in Atlanta was served on his counsel there was a duty imposed on him by the statute to move for a modifying or relieving order if for good cause he could not appear at the time and place specified in the notice, and this he was required *seasonably* to do. No application or motion was made. He did nothing until there was a motion by the defendant to dismiss the petition because of plaintiff's failure to appear for the deposition, when he belatedly asserted that because of financial burdens it had not been possible for him to appear.

It is settled that if one has good cause to be relieved from appearing at the time or place designated in the notice he must proceed by motion seasonably made in the court where the

action is pending for a modifying or relieving order. Upon a hearing of the motion or application good cause must be shown (*Code Ann.* § 38-2105(b) ; *Reynolds v. Reynolds,* 217 Ga. 234, 239 (123 SE2d 115)), and the good cause must be clearly and specifically demonstrated; it will not appear from "stereotyped and conclusory statements." Glick v. McKesson & Robbins, Inc., 10 FRD 477, Cf. Rifkin v. U. S. Lines Company, 177 F Supp. 875, where an assertion of illness, neither sworn to nor supported by medical evidence, was held insufficient and there was a postponement of the hearing until the testimony of doctors who had examined movant could be obtained for consideration. Within the meaning of this section of our Deposition and Discovery Act (which is identical to Rule 30(b) of the Federal Rules of Civil Procedure) "seasonably" means before the date designated in the notice for the taking of the deposition. "The rules do not contemplate that a party may wait until after the date designated by the opposing party for the taking of the deposition to ask a modification of the terms of the notice by the court." Dictograph Products, Inc. v. Kentworth Corp., 7 FRD 543, 544. To the same effect see Stephens v. Sioux City & New Orleans Barge Lines, 30 FRD 397, 399; Haney v. Woodward & Lothrop, Inc., 330 F2d 940, 942. A motion not made until five days after the date designated in the notice is not seasonably made. Paria v. Matson Nav. Co., 28 FRD 348. It has been held to mean as soon as the party or deponent learns that he will need a modifying or relieving order. Stankiewicz v. Pillsbury Flour Mills Co., 26 FSupp. 1003. Certainly it must be concluded that plaintiff here knew of his alleged need for a modifying or relieving order before the date set for the taking of his deposition. See also and compare Nations v. U. S., 52 F2d 97, 99; In re Woodward, 173 NYS 556, 559 (105 Misc. 446) ; In re Sachs' Estate, 10 NYS2d 78, 81 (256 App. Div. 364).

Since this procedure is prescribed by the statute, one who seeks to avail himself of the relief must proceed in terms of the statute. A dismissal for failure to appear, no motion for a modifying order having been seasonably made, was affirmed in Collins v. Wayland, 139 F2d 677 (cert. den. 322 U. S. 744, 64 SC 1151, 88 LE 1576), and a default judgment entered against

a defendant for his similar failure to appear was affirmed in Pietzman v. City of Illmo, 141 F2d 956 (cert. den. 323 U. S. 718, 65 SC 47, 89 LE 577; rehearing den. 323 U. S. 813, 65 SC 112, 89 LE 647). That one must proceed seasonably in terms of the statute was asserted in *Reynolds v. Reynolds*, 217 Ga. 234, 239, supra.

This requirement is somewhat comparable to that which obtains as to requests to charge which not only must be in writing but must be timely made, that is, before the jury retires to consider its verdict (*Smith v. Satilla Pecan Orchard & Stock Co.*, 152 Ga. 538 (7) (119 SE 303); *Ware v. State*, 156 Ga. 749 (7) (120 SE 528)), and which, under § 17 of the Appellate Practice Act (*Code Ann.* § 70-207), must be presented at the close of the evidence or at such earlier time during the trial as the court reasonably directs. Defaults occur if answers, pleas and demurrers are not filed at the time provided by statute. *Code Ann.* §§ 81-301, 110-401.

Consequently, if one whose deposition is to be taken does not timely or seasonably move for a modifying or relieving order he waives his right to ask for it and the court is authorized to proceed with the imposition of an authorized sanction for failure to appear. Failure to proceed seasonably as the statute requires is a failure properly to raise the issue before the trial court; consequently the matter is not properly before us (*Savannah &c. R. Co. v. Hardin*, 110 Ga. 433, 437 (35 SE 681)), and an affirmance must result.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*