### (July 12, 1976)

■ CHEMICAL BANK, Respondent, v 1364 DEAN STREET CORP. et al., Appellants, et al., Defendants.—In a mortgage foreclosure action, defendants 1364 Dean Street Corp. and Bernice P. Thomas appeal from an order of the Supreme Court, Kings County, dated April 28, 1976, which denied their demand for a jury trial on their counterclaims. Order reversed, with $50 costs and disbursements, and motion granted; the counterclaims are severed from the main action, which is to be tried expeditiously. In the event plaintiff is successful in the foreclosure action, the entry of judgment is to

be stayed pending the outcome of the jury trial as to the counterclaims. The appellants moved at Special Term for a jury trial on their counterclaims. The motion was untimely made by several days (see CPLR 4102, subd [a]) and was, accordingly, denied. That denial constituted an improvident exercise of discretion. The court has the power to relieve a party who has failed to timely serve the demand for a jury trial where that failure is due to excusable mistake or inadvertence (see CPLR 4102, subd [e]). The facts disclose that a mistake was made and negatives any notion that there was a willful or intentional waiver of the substantial constitutional right to a jury trial possessed by the defendants (see New York Investors v Laurelton Homes, 230 App Div 712). Moreover, we can perceive no prejudice to plaintiff by the granting of this relief. Appellants have interposed counterclaims which are legal in nature, which seek a judgment for money damages only, and which, if established, may defeat or diminish plaintiff's right to recover. Hopkins, Acting P. J., Margett, Damiani and Hawkins, JJ., concur; Martuscello, J., dissents and votes to affirm, with the following memorandum: Appellants desired to construct a day care center and entered into a construction loan agreement with plaintiff. Pursuant to the loan document signed by both parties on September 1, 1972, plaintiff advanced to the defendants a total sum of $111,950.69. To date the balance of the principal remains completely unpaid and payment of interest has not been tendered for nearly one and one-half years. Plaintiff alleges in its complaint that the cash advances were made in accordance with the specific terms of the building loan agreement and of the note and mortgage and that they were made with the knowledge and consent of the corporate appellant's president. Appellants counterclaimed (and demanded a jury trial) and alleged that the plaintiff violated its contract with them by continuing to make cash advances to the contractor notwithstanding repeated demands by appellants that the work was proceeding in a shoddy manner and that all payments (to the contractor) should cease. The motion containing the demand for a jury trial on the counterclaim was served on plaintiff on the eve of trial and beyond the period of time prescribed by law to make such demand (see CPLR 4102, subd [a]). Not only was the service of the motion untimely, but the counterclaim is devoid of merit. Under such circumstances, in my opinion, the trial court did not abuse its discretion in denying the application.