Charles M. HARTHAN, Plaintiff,

v.

ARABIAN AMERICAN OIL COMPANY, Defendant.

No. 80 Civ. 5023.

United States District Court, S. D. New York.

April 21, 1981.

James D. Glass, New York City, for plaintiff.

White & Case, New York City, for defendant;

Thomas J. O'Sullivan, New York City, and Frederick R. Rohn, New York City, of counsel.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Movant seeks an order striking respondent's demand for a jury trial. For reasons briefly set forth below, the motion is granted in all respects.

■ "Because this [is] a removed cause the question of jury trial demand [is] governed not by [Fed.R.Civ.P.] 38 but by [Fed. R.Civ.P.] 81(c)." *Higgins v. Boeing Co.*, 526 F.2d 1004, 1006 (2d Cir. 1975). We recognize that in situations like the case at bar, where prior to removal "... all the necessary pleadings have [not] been filed ..." and the plaintiff "... has [not] made an express demand for trial by jury ...[,]" Federal Rule 81(c) requires the exercise of sound district court discretion. *Higgins, supra*, 526 F.2d at 1007; *Galella v. Onassis*, 487 F.2d 986, 996 (2d Cir. 1973); *Berger v. Goodyear*, 83 F.R.D. 114, 116 (S.D.N.Y. 1979); *Leve v. General Motors*, 248 F.Supp. 344, 346 (S.D.N.Y.1965).

The complaint was filed on August 11, 1980 in the Supreme Court of the State of New York, County of New York, and was the *only* pleading filed there.

After removal to federal court, issue was joined on October 22, 1980. We held a pretrial conference on December 5, 1980, during which concededly the issue of jury demand (or lack thereof) was raised. Plaintiff's Memorandum in Opposition, February 26, 1981, pp. 2, 4; Affidavit, Stanley Roy Root, Esq., February 26, 1981, par. 5. Respondent did not file his demand for a jury trial before more than four (4) months had elapsed after removal, and some 55 days after respondent had actual knowledge at the pretrial conference aforementioned that at least, any jury demand made, would be contested by movant. *Id.*

Additionally, respondent's papers are devoid of factual details relevant to our inquiry—merely general allegations indicating a lack of intent to waive a jury trial and respondent's own faulty interpretation of Fed.R.Civ.P. 81(c). In fact, respondent's papers in opposition exemplify the significance of, and dire consequences, which flow from laches.

■ In the sound exercise of discretion, respondent's failure to make a more timely demand for a jury trial is fatal. Recognizing as we do the vitality of the right to a jury trial, and anxious as we are to effectuate that end, we are thwarted because of the inordinate and unjustified delay so substantial in character and overwhelmingly apparent here. We can neither condone nor allow this extremely belated demand for a jury trial. *Cf. Keller v. Keller*, 66 A.D.2d 960, 411 N.Y.S.2d 701 (1978); *Chemical Bank v. 1364 Dean Street Corp.*, 53 A.D.2d 882, 385 N.Y.S.2d 382 (1976); *International Mining Corp. v. Aerovias Nacionales*, 49 A.D.2d 855, 374 N.Y.S.2d 18 (1975); *In re Mirsky's Estate*, 81 Misc.2d 9, 365 N.Y.S.2d 122 (1975); *Brooks v. Brooks*, 37 A.D.2d 835, 326 N.Y.S.2d 99 (1971); *N.Y. Investors v. Laurelton*, 230 A.D. 712, 243 N.Y.S. 246 (1930).

Accordingly, we are constrained to, and hereby do, grant the motion to strike respondent's jury demand in all respects.

SO ORDERED.