■ BEATRICE HAENEL, Individually and as Trustee under the Wills of JACK EPSTEIN and Another, et al., Appellants, v NOVEMBER & NOVEMBER et al., Respondents.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered on or about June 13, 1988, which denied motion by plaintiffs-appellants to vacate a stay of all proceedings, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion to vacate granted, with costs.

This action to recover damages for alleged legal malpractice was commenced against the defendant-respondent law partnership, November & November, and its two partners individually, Philip R. November and (the estate of) Julius November (collectively defendants), in 1984. Shortly after service of an amended complaint, the action was stayed by order of the Supreme Court, New York County (Alvin Klein, J.), entered October 21, 1986, on the ground that defendants' liability insurer, Mutual Fire Marine and Inland Insurance Company (the insurer) had been placed under the supervision of the

Pennsylvania Department of Insurance (PDI). Pursuant to the terms of the supervision order, the insurer was precluded from satisfying any claims without the prior approval of the PDI. At some point after having placed it in supervision, the PDI imposed an order of suspension against the insurer.

On October 24, 1986, Justice Klein issued a new stay of all proceedings "until 20 days after lifting of the order of suspension". Since the issuance of this order two years ago, the insurer has not yet been released from suspension.

On or about February 1, 1988, plaintiffs-appellants, Beatrice Haenel and Sylvan Haenel, individually and as trustees of certain trusts (plaintiffs), moved to vacate the stay. By order entered March 24, 1988 (Nardelli, J.), the motion was denied "pending the expected expiration on April 30, 1988 of the suspension * * * on defendants' insurance carrier". When the April date passed without the anticipated expiration, plaintiffs again moved, on June 13, 1988, to vacate the stay. The within appeal challenges the order denying this motion on the grounds that it constitutes improper renewal or reargument, and that "an amended rehabilitation plan for defendants' malpractice insurance is imminent".

We first note that plaintiffs' motion may properly be deemed one for renewal, which generally applies where facts available at the time of the prior motion were, for valid reasons, unknown to the movant, but may sometimes encompass new matter that was not available prior to the court's decision. *(Foley v Roche,* 68 AD2d 558, 568; *see, Matter of Ahmad v Purcell,* 82 AD2d 802.)

Here, the relevant new fact to be considered is the continuance of the insurer's suspension after April 30, 1988. Since the motion court denied plaintiffs' prior application pending the "expected expiration" of the suspension on that date, the nonoccurrence of this event constitutes a proper basis for plaintiffs to renew their motion to vacate the stay.

Turning to the merits of plaintiffs' motion, we note that the stay has now been in effect for over two years. During this time, plaintiffs have been unable to take discovery or otherwise proceed with the action, which concerns events that occurred over a decade ago. As plaintiffs reasonably urge, the delay threatens to make it impossible for them to reconstruct facts necessary to prove their case, for the passage of time may cause witnesses' recollections to fade and documents to become irretrievably lost. We further note that the stay is a continuing, open-ended one, and that its vacatur has been

conditioned upon events over which the courts of New York have no jurisdiction.

Although the imposition of a stay is within the discretion of the trial court (see, Peerce v Peerce, 97 AD2d 718), we hold, in light of all these circumstances, that the within stay is no longer predicated "upon such terms as may be just" (CPLR 2201) and, accordingly, reverse the order denying plaintiffs' motion to vacate and grant same. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Smith, JJ.