■ CENTRAL FEDERAL SAVINGS, F.S.B., et al., Respondents, v 583-587 BROADWAY ASSOCIATES et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered May 18, 1988, which, *inter alia,* denied defendants-appellants' motion for summary judgment, disclosure, and renewal of jury demand, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of granting the applications to compel disclosure and to renew and, upon renewal, to grant the jury demand, and otherwise affirmed, without costs.

This litigation was commenced by plaintiff-respondent Central Federal Savings, F.S.B. (Central) on or about November 2, 1984, as an action to foreclose a consolidated mortgage on a property located at 583 Broadway, New York, New York.

Pursuant to the assignment by Central of the mortgage and

related documents to plaintiff-respondent Suma Management Corporation (Suma), the latter was joined as coplaintiff in March 1986. Thereafter, further assignments of the mortgage were made, the original claims were settled, and the foreclosure action was dismissed upon motion of the current mortgage holder, Home Savings Bank. At present, the sole remaining issues between plaintiffs-respondents and defendants-appellants arise from counterclaims for money damages allegedly sustained by defendants-appellants when their renovation of the subject property was interrupted as a result of Central's purported breach of the loan agreement underlying the mortgage.

In light of the dismissal of the foreclosure action, this litigation no longer constitutes an action in equity, but one in law, and defendants-appellants' motion to renew their demand for a jury was proper *(see, Haenel v November & November,* 144 AD2d 298), and should, upon renewal, have been granted. *(Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19, 21; *Chemical Bank v 1364 Dean St. Corp.,* 53 AD2d 882.)

We further hold that it was error, in view of the changed procedural posture of the case, for the IAS court to have denied defendants-appellants' renewal of a motion to compel the deposition of a nonparty witness. CPLR 3101 (a) provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". This provision is "liberally construed to require disclosure where the matter sought will 'assist preparation for trial by sharpening the issues and reducing delay and prolixity' ". *(Hoenig v Westphal,* 52 NY2d 605, 608, quoting *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406.) Here, where the witness to be deposed is the engineer retained by Central to review the progress of construction on the mortgaged property, this standard has been met. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rosenberger, JJ.