## Rosewood Realty Rochester LLC v Gateway Prop. Solutions Ltd.

2025 NY Slip Op 30611(U)

February 21, 2025

Supreme Court, New York County

Docket Number: Index No. 656091/2021

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. KATHLEEN WATERMAN-MARSHALL**    PART    31

*Justice*

------------------------------------------------------------------------X

ROSEWOOD REALTY ROCHESTER LLC

Plaintiff,

- v -

GATEWAY PROPERTY SOLUTIONS LTD,

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656091/2021 |
| MOTION DATE | 07/08/2022 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 49, 50, 51, 52, 53, 54, 55, 56, 58, 68, 69, 70, 71, 72, 74, 75, 76

were read on this motion to/for            CONSOLIDATE/JOIN FOR TRIAL            .

This matter was recently administratively transferred to Part 31. Upon transfer of this matter to Part 31, the Court directed the parties to file transcripts of the prior oral argument on these motions to NYSCEF, and placed the matter down for an appearance on the motions.

Plaintiff Rosewood Realty Rochester ("Rosewood") moves for an order consolidating the instant matter with a matter pending in Monroe County Supreme Court. Defendant Gateway Property Solutions LTD ("Gateway") opposes.

## Background

Rosewood owns a commercial property in Henrietta, New York a suburb of Rochester, New York. Rosewood hired Gateway as general contractor to convert the property from a hotel to an assisted-living/nursing facility. During the construction, a fire broke out causing substantial damage to the property.

Rosewood filed its first action ("Action 1") against Gateway in New York County Supreme Court on July 23, 2020, alleging breach of contract and negligent performance of construction work. Action 1 was transferred to Monroe County Supreme Court, by Decision and Order dated December 30, 2020 (Index No. E2021001157, Hon. Paul Goetz, JSC), and discovery is ongoing in Action 1 (Amended Scheduling Order dated January 15, 2025). After Action 1 was transferred to Monroe County, Rosewood filed this action, against Gateway on October 22, 2021, seeking a declaratory judgment that it does not owe Gateway for the construction work performed on the property.

Rosewood now seeks to consolidate this action with Action 1, pending in Monroe County, contending that both actions arise out of the same occurrence, the fire, and involve interrelated facts and questions of liability. Gateway opposes contending, *inter alia*, that a declaration of liability under the parties' contract is not related to liability for the underling fire.

**656091/2021   ROSEWOOD REALTY ROCHESTER LLC vs. GATEWAY PROPERTY SOLUTIONS LTD**          **Page 1 of 4**
**Motion No.  002**

1 of 4

[* 1]

**Discussion**

Consolidation rests within the discretion of the Court and is appropriate where two actions involve "a common question of law or fact" (CPLR § 602[a]); the burden is on a party resisting consolidation to show that consolidation would be prejudicial. (*Vigo S. S. Corp. v Marship Cop.*, 26 NY2d 157 [1970]). Courts are inclined to award consolidation where it promotes efficiency and judicial economy (*Amcan Holdings, Inc. v Torys LLP*, 32 AD3d 337 [1st Dept 2006]).

Action 1 and this action arise out of the same occurrence, to wit: a fire at Rosewood's building while the building was undergoing conversion from a hotel to an assisted living facility. As such, they involve common questions of fact – chief among them the cause of the fire, and responsibility therefor, which is disputed by the parties. Indeed, as Gateway argued prior to the administrative transfer of this matter to Part 31, a declaration that Rosewood does not owe Gateway for work it performed at the building raises the specter of double recovery and inconsistent decisions. Additionally, this action may also require a determination as to liability for the fire, which is the very issue to be decided in Action 1 pending in Monroe County. Separate simultaneous litigation in the far corners of the State arising out of the same singular occurrence does not promote efficiency or judicial economy.[1]

Consolidation is not barred by the differing nature of the claims asserted (*Philip Shlansky & Bro. v Grossman*, 273 AD 544 [1st Dept 1948] [law action triable by jury consolidated with equitable action triable by court]; *Siegel and Connors*, N.Y. Practice § 128 at 259 [6 ed. 2018]). Nor will any party be prejudiced by the consolidation. As both actions arise out of the same occurrence and involve common questions of fact, they will likely involve overlapping discovery. Discovery in Action 1 has been proceeding apace, thus the consolidation of this matter into Action 1 is unlikely to delay discovery in either action and may well expedite discovery in this matter, should discovery prove necessary.

Accordingly, it is

**ORDERED** that Rosewood Realty Rochester LLC's motion to consolidate this matter with the Monroe County Supreme Court action bearing Index No. E2021001157 is granted to the extent of directing that this matter, *Rosewood Realty Rochester LLC vs. Gateway Property Solutions* bearing New York County Index No. 656091/2021, and open motion sequence 001, shall be consolidated with the Monroe County Supreme Court action, *Rosewood Realty Rochester LLC vs. Gateway Property Solutions Ltd. et al.*, under Index No. E2021001157; and it is further

**ORDERED** that the consolidation shall take place under Monroe County Index No. E2021001157 and the consolidated action shall bear the following caption:

---

[1] Gateway's claim that Rosewood has forfeited the right to change venue by choosing an improper venue in the first instance, and the cases cited in support of its argument, are inapplicable on this motion to consolidate.

**656091/2021  ROSEWOOD REALTY ROCHESTER LLC vs. GATEWAY PROPERTY SOLUTIONS LTD**
**Motion No.  002**

Page 2 of 4

[* 2]

-----------------------------------------------------X
Rosewood Realty Rochester LLC

                             Plaintiffs,
              -against-

Gateway Property Solutions Ltd. et al

                           Defendants.
-----------------------------------------------------X

; and it is further

      **ORDERED** that, within 30 days from entry of this order, counsel for the movant shall serve a certified copy of this order upon the Clerk of the Supreme Court, New York County, and shall pay the appropriate fee, if any, for such transfer and shall contact the staff of said Clerk to arrange for the effectuation of the transfer in an efficient manner; and it is further

      **ORDERED** that service upon the Clerk of this Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on this court's website); and it is further

      **ORDERED** that the Clerk of the Supreme Court, New York County, shall transfer the documents on file under Index No. 656091/2021 to the Clerk of Monroe County Supreme Court for the purpose of consolidation; and it is further

      **ORDERED** that the Clerk of this Court and the Clerk of the Supreme Court, Monroe County shall coordinate the transfer of the documents being transferred so as to ensure an efficient transfer and to minimize insofar as practical the reproduction of such documents, including with regard to any documents that may be in digital format; and it is further

      **ORDERED** that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

      **ORDERED** that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the Monroe County Supreme Court, who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; and it is further

      **ORDERED** that service upon the Clerk of the Supreme Court, Monroe County shall be made in accordance with any applicable protocol or other procedures of said county; and it is further

[* 3]

**ORDERED** that, as applicable and insofar as is practical, the Clerk of Monroe County Supreme Court shall file the documents transferred from the Supreme Court, New York County in the consolidated case file under the Monroe County Index Number (E2021001157) of the consolidated action in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action; and it is further

**ORDERED** that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry upon the Clerk of the General Clerk's Office, who is hereby directed to reflect the consolidation by appropriately marking the court's records; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the aforesaid *Protocol*.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT

_2/21/2025_
**DATE**

**KATHLEEN WATERMAN-MARSHALL, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**656091/2021   ROSEWOOD REALTY ROCHESTER LLC vs. GATEWAY PROPERTY SOLUTIONS LTD**
**Motion No.  002**

Page 4 of 4